IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>            Plaintiffs,<br><br>   v.<br><br>ALCON, INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD.,<br><br>            Defendants. | Civil Action No. 04-968-GMS |

**PLAINTIFFS ALLERGAN, INC. AND ALLERGAN SALES, LLC'S OBJECTIONS TO ALCON'S FIRST NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Allergan, Inc. and Allergan Sales, LLC ("Plaintiffs") respond and object to the Topics for Examination in Alcon's First Notice of Deposition Pursuant to Rule 30(b)(6) as follows.

**OBJECTIONS**

Topic No. 1:

Conception of the invention(s) claimed in U.S. Patent No. 6,641,834, and the documents, if any, reflecting such conception.

Objections to Topic No. 1:

Plaintiffs object to Topic No. 1 to the extent it seeks Plaintiffs' contentions on the issue of conception. Because Topic No. 1 seeks Plaintiffs' contentions, a Rule 30(b)(6) deposition is not an appropriate vehicle for discovery. The District of Delaware ruled in *Tiegel Mfg. Co. v. Globe-Union, Inc.*, C.A. No. 84, 483 at 14 (D. Del. Oct. 5, 1984) (Ex. 1), that it is the "consistent practice" to limit contention discovery to interrogatories to a party. *See also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-

87 (N.D. Cal. 1991) (explaining why 30(b)(6) depositions are not the appropriate vehicle for discovery of a party's contentions); *Elf Atochem N. Am., Inc. v. Libbey-Owens Ford Co.*, C.A. No. 94-670-RRM (D. Del. Feb. 24, 1995) (Ex. 2).  According to the Court in *Tiegal*, witnesses should not be required to formulate a party's contentions in response to deposition questions, and therefore contentions are only discoverable through interrogatories.  Plaintiffs note that they have already responded to an interrogatory regarding their contentions on the issue of conception and have supplemented that response.

      Plaintiffs further object to Topic No. 1 as seeking information that is protected by the attorney-client privilege and/or work product doctrine.

Topic No. 2:

Reduction to practice of the invention(s) claimed in U.S. Patent No. 6,641,834, and the documents, if any, reflecting such reduction to practice.

Objections to Topic No. 2:

Plaintiffs object to Topic No. 2 to the extent it seeks Plaintiffs' contentions on the issue of reduction to practice.  Because Topic No. 2 seeks Plaintiffs' contentions, a Rule 30(b)(6) deposition is not an appropriate vehicle for discovery.  The District of Delaware ruled in *Tiegel Mfg. Co. v. Globe-Union, Inc.*, C.A. No. 84, 483 at 14 (D. Del. Oct. 5, 1984), that it is the "consistent practice" to limit contention discovery to interrogatories to a party.  *See also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-87 (N.D. Cal. 1991) (explaining why 30(b)(6) depositions are not the appropriate vehicle for discovery of a party's contentions); *Elf Atochem N. Am., Inc. v. Libbey-Owens Ford Co.*, C.A. No. 94-670-RRM (D. Del. Feb. 24, 1995).  According to the Court in *Tiegal*, witnesses should not be required to formulate a party's contentions in response to deposition questions, and therefore contentions are only discoverable through interrogatories.  Plaintiffs note that they have already responded to an interrogatory

regarding their contentions on the issue of reduction to practice and have supplemented that response.

Plaintiffs further object to Topic No. 2 as seeking information that is protected by the attorney-client privilege and/or work product doctrine.

Topic No. 3:

First disclosure, written or oral, of the invention(s) claimed in U.S. Patent No. 6,641,834, and the documents, if any, reflecting such disclosure.

Objections to Topic No. 3:

Plaintiffs object to Topic No. 3 to the extent it seeks Plaintiffs' contentions on the issue of first written or oral disclosure. Because Topic No. 3 seeks Plaintiffs' contentions, a Rule 30(b)(6) deposition is not an appropriate vehicle for discovery. The District of Delaware ruled in *Tiegel Mfg. Co. v. Globe-Union, Inc.*, C.A. No. 84, 483 at 14 (D. Del. Oct. 5, 1984), that it is the "consistent practice" to limit contention discovery to interrogatories to a party. *See also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-87 (N.D. Cal. 1991) (explaining why 30(b)(6) depositions are not the appropriate vehicle for discovery of a party's contentions); *Elf Atochem N. Am., Inc. v. Libbey-Owens Ford Co.*, C.A. No. 94-670-RRM (D. Del. Feb. 24, 1995). According to the Court in *Tiegal*, witnesses should not be required to formulate a party's contentions in response to deposition questions, and therefore contentions are only discoverable through interrogatories. Plaintiffs note that they have already responded to an interrogatory regarding their contentions on the issue of first disclosure and have supplemented that response.

Plaintiffs further object to Topic No. 3 as seeking information that is protected by the attorney-client privilege and/or work product doctrine.

Topic No. 4:

Conception of the invention(s) claimed in U.S. Patent No. 6,673,337, and the documents, if any, reflecting such conception.

Objections to Topic No. 4:

Plaintiffs object to Topic No. 4 to the extent it seeks Plaintiffs' contentions on the issue of conception. Because Topic No. 4 seeks Plaintiffs' contentions, a Rule 30(b)(6) deposition is not an appropriate vehicle for discovery. The District of Delaware ruled in *Tiegel Mfg. Co. v. Globe-Union, Inc.*, C.A. No. 84, 483 at 14 (D. Del. Oct. 5, 1984), that it is the "consistent practice" to limit contention discovery to interrogatories to a party. *See also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-87 (N.D. Cal. 1991) (explaining why 30(b)(6) depositions are not the appropriate vehicle for discovery of a party's contentions); *Elf Atochem N. Am., Inc. v. Libbey-Owens Ford Co.*, C.A. No. 94-670-RRM (D. Del. Feb. 24, 1995). According to the Court in *Tiegal*, witnesses should not be required to formulate a party's contentions in response to deposition questions, and therefore contentions are only discoverable through interrogatories. Plaintiffs note that they have already responded to an interrogatory regarding their contentions on the issue of conception and have supplemented that response.

       Plaintiffs further object to Topic No. 4 as seeking information that is protected by the attorney-client privilege and/or work product doctrine.

Topic No. 5:

Reduction to practice of the invention(s) claimed in U.S. Patent No. 6,673,337, and the documents, if any, reflecting such reduction to practice.

Objections to Topic No. 5:

Plaintiffs object to Topic No. 5 to the extent it seeks Plaintiffs' contentions on the issue of reduction to practice. Because Topic No. 5 seeks Plaintiffs' contentions, a Rule 30(b)(6) deposition is not an appropriate vehicle for discovery. The District of Delaware ruled in *Tiegel Mfg. Co. v. Globe-Union, Inc.*, C.A. No. 84, 483 (D. Del. Oct. 5, 1984), that it is the "consistent practice" to limit contention discovery to interrogatories to a party. *See also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-

87 (N.D. Cal. 1991) (explaining why 30(b)(6) depositions are not the appropriate vehicle for discovery of a party's contentions); *Elf Atochem N. Am., Inc. v. Libbey-Owens Ford Co.*, C.A. No. 94-670-RRM (D. Del. Feb. 24, 1995).  According to the Court in *Tiegal*, witnesses should not be required to formulate a party's contentions in response to deposition questions, and therefore contentions are only discoverable through interrogatories.  Plaintiffs note that they have already responded to an interrogatory regarding their contentions on the issue of reduction to practice and have supplemented that response.

Plaintiffs further object to Topic No. 5 as seeking information that is protected by the attorney-client privilege and/or work product doctrine.

Topic No. 6:

First disclosure, written or oral, of the invention(s) claimed in U.S. Patent No. 6,673,337, and the documents, if any, reflecting such disclosure.

Objections to Topic No. 6:

Plaintiffs object to Topic No. 6 to the extent it seeks Plaintiffs' contentions on the issue of first written or oral disclosure.  Because Topic No. 6 seeks Plaintiffs' contentions, a Rule 30(b)(6) deposition is not an appropriate vehicle for discovery.  The District of Delaware ruled in *Tiegel Mfg. Co. v. Globe-Union, Inc.*, C.A. No. 84, 483 (D. Del. Oct. 5, 1984), that it is the "consistent practice" to limit contention discovery to interrogatories to a party.  *See also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-87 (N.D. Cal. 1991) (explaining why 30(b)(6) depositions are not the appropriate vehicle for discovery of a party's contentions); *Elf Atochem N. Am., Inc. v. Libbey-Owens Ford Co.*, C.A. No. 94-670-RRM (D. Del. Feb. 24, 1995).  According to the Court in *Tiegal*, witnesses should not be required to formulate a party's contentions in response to deposition questions, and therefore contentions are only discoverable through interrogatories.  Plaintiffs note that they have already responded to an interrogatory

regarding their contentions on the issue of first disclosure and have supplemented that response.

Plaintiffs further object to Topic No. 6 as seeking information that is protected by the attorney-client privilege and/or work product doctrine.

Topic No. 7:

All testing of Allergan's ALPHAGAN®P product that relates or pertains to whether any of the components in that composition functions as a solubility enhancing component as that term is used in the patents-in-suit, and the documents, if any, reflecting such testing.

Objection to Topic No. 7:

Plaintiffs object to Topic No. 7 as seeking information that is protected by the attorney-client privilege and/or work product doctrine.

Topic No. 8:

All testing of Alcon's proposed brimonidine product that relates or pertains to whether any of the components in that composition functions as a solubility enhancing component as that term is used in the patents-in-suit, and the documents, if any, reflecting such testing.

Objection to Topic No. 8:

Plaintiffs further object to Topic No. 8 as seeking information that is protected by the attorney-client privilege and/or work product doctrine.

Dated: April 8, 2005                FISH & RICHARDSON P.C.


                                    By: /s/ William J. Marsden, Jr.
                                        William J. Marsden, Jr. (marsden@fr.com)
                                        Sean P. Hayes (hayes@fr.com)
                                        919 N. Market Street, Suite 1100
                                        P.O. Box 1114
                                        Wilmington, DE 19899-1114
                                        Telephone: (302) 652-5070

OF COUNSEL:
Jonathan E. Singer
Michael J. Kane
Deanna J. Reichel
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

Juanita Brooks
W. Chad Shear
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN SALES, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Josy W. Ingersoll
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391

I hereby certify that on April 8, 2005, I served by Federal Express, the document(s) to the following non-registered participants:

Brian D. Coggio, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001

                    /s/ William J. Marsden, Jr.
                    William J. Marsden, Jr.

60286330.doc