# Part 4
# to
# EXHIBIT J



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO | CONFIRMATION NO |
|---|---|---|---|---|
| 09/904,018 | 07/10/2001 | Orest Olejnik | D-2892 | 1779 |

7500    03/03/2003

Frank J. Uxa
Stout, Uxa, Buyan & Mullins, LLP
Suite 300
4 Venture
Irvine, CA 92618

| EXAMINER |
|---|
| BENNETT, RACHEL M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | |

DATE MAILED: 03/03/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

AGN0221885

| | Application No. | Applicant(s) |
|---|---|---|
| ***Interview Summary*** | 09/904,018 | OLEJNIK ET AL. |
| | Examiner | Art Unit |
| | Rachel  M. Bennett | 1615 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Rachel  M. Bennett_.                    (3) _____.

(2) _Carlos A. Fisher_.                       (4) _____.

  Date of Interview: _25 February 2003_ .

  Type:  a)☒  Telephonic   b)☐  Video Conference
         c)☐  Personal [copy given to: 1)☐  applicant    2)☐  applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes    e)☒  No.
    If Yes, brief description: _____ .

Claim(s) discussed: _all pending claims_ .

Identification of prior art discussed: _Burke (US 5215991)_ .

Agreement with respect to the claims f)☒ was reached.  g)☐  was not reached.  h)☐  N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _The attorney explained the instant invention was an invention of selection.  The attorney agreed to file a declaration showing unexpected results with regards to the anionic solubility enhancing agent.  The attorney also indicated support for "substantially unionized" is found on pages 1-2 of the specification.  It was agreed upon that a terminal disclaimer would be filed when allowable subject matter was indicated in the instant application_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

     i)☒  It is not necessary for applicant to provide a separate record of the substance of the interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note:  You must sign this form unless it is an
Attachment to a signed Office action.

Examiner's signature, if required

U.S. Patent and Trademark Office
PTO-413 (Rev. 03- 98)            Interview Summary            Paper No. 8.

AGN0221886

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
**Paragraph (b)**
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR § 1.2 Business to be transacted in writing.**
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.
It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.
Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.
The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action).

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

2

AGN0221887

Feb-24-03  06:29pm   From-ALLERGAN LEGAL DEPARTMENT          +17142464240          T-978  P.04/07  F-220

DRAFT CLAIMS: FOR DISCUSSION PURPOSES ONLY
Serial No. 09/904,018, Our Docket 17361
Group Art Unit 1615, Examiner BENNETT

1.    (Amended)  A therapeutically effective aqueous composition comprising:

~~an alpha-2-adrenergic agonist component~~ a therapeutically active component selected from the group consisting of 5-bromo-6-(2-imidozolin-2 ylamino) quinoxaline, a salt thereof, and an ester thereof in an amount effective to provide a therapeutic benefit to a patient to whom the composition is administered; and

an anionic solubility enhancing component in an amount effective to increase the solubility of the alpha-2-adrenergic agonist component in the composition relative to the solubility of an identical alpha-2-adrenergic agonist component in a similar composition without the solubility enhancing component~~; and~~

~~a liquid carrier component.~~

2.    Cancel

3.    Cancel

4.    Cancel

5.    Cancel

6.    Original claim

7.    Original claim

8.    Original claim

9.    (Amended)  The composition of claim 1 wherein the ~~therapeutically active alpha-2-adrenergic agonist~~ component has increased diffusion through a lipid membrane relative to an identical ~~therapeutically active alpha-2-adrenergic agonist~~ component in a similar composition without the solubility enhancing component.

10.    Cancel

11.    Original claim

12.    Cancel

13.    (Amended) The composition of claim ~~12~~ 1 wherein said polyanionic component is selected from the group consisting of anionic cellulose derivatives, anionic polymers derived from acrylic acid, anionic polymers derived from

Received from < +17142464240 > at 2/24/03 8:28:58 PM [Eastern Standard Time]

AGN0221888

Feb-24-03  06:29pm   From-ALLERGAN LEGAL DEPARTMENT           +17142464249          T-376  P.05/07  F-220

DRAFT CLAIMS: FOR DISCUSSION PURPOSES ONLY
Serial No. 09/904,018, Our Docket 17361
Group Art Unit 1615  Examiner BENNETT

methacrylic acid, anionic polymers derived from alginic acid, anionic polymers derived from amino acids and mixtures thereof.

14.    Original claim.

15.    Original claim.

16.    Original claim.

17.    Original claim.

18.    Original claim.

AGN0221889

Feb-24-03  06:30pm    From-ALLERGAN LEGAL DEPARTMENT          +17142464249         T-878  P.06/07  F-220

DRAFT CLAIMS: FOR DISCUSSION PURPOSES ONLY
Serial No. 09/904,019, Our Docket 17361
Group Art Unit 1615  Examiner BENNETT

19.    Cancel

20.    Cancel

21.    Original claim.

22.    Original claim.

23.    Original claim.

24.    (Amended)    A ~~therapeutically effective aqueous~~ composition comprising:

a therapeutically active component selected from the group consisting of 5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline, a salt thereof, and an ester thereof ~~an alpha-2-adrenergic agonist component~~ in an amount effective to provide a therapeutic benefit to a patient to whom the composition is administered; and

an anionic cellulose derivative in an amount effective to increase the solubility of the alpha-2-adrenergic agonist component; and

~~an aqueous liquid carrier component.~~

25.    Original claim

26.    Original claim.

27.    Original claim

28.    (Amended)    A ~~therapeutically effective aqueous~~ composition comprising:

a tartrate of 5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline in an amount effective to provide a therapeutic benefit to a patient to whom the composition is administered; and

an anionic solubility enhancing component in an amount effective to increase the solubility of the tartrate of 5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline; and

~~an aqueous liquid carrier component.~~

29.    Original claim

30.    Original claim

47.    (New)    The composition of claim 1 which further comprises a preservative selected from the group consisting of an oxy-chloro component and a quaternary ammonium compound in an amount effective to at least assist in preserving the composition.

*DRAFT CLAIMS —
DO NOT ENTER*

AGN0221890

Feb-24-03  06:30pm  From-ALLERGAN LEGAL DEPARTMENT        +17142464249        T-376  P.07/07  F-220

DRAFT CLAIMS: FOR DISCUSSION PURPOSES ONLY
Serial No. 09/904,018, Our Docket 17361
Group Art Unit 1615  Examiner BENNETT

48.  (New) The composition of claim 47 in which the preservative comprises BAK.

49.  (New) The composition of claim 47 in which the preservative comprises an oxy-chloro component.

50.  (New) The composition of claim 47 in which the preservative comprises a chlorite component.

51.  (New)  The composition of claim 24 which further comprises a preservative selected from the group consisting of an oxy-chloro component and a quaternary ammonium compound in an amount effective to at least assist in preserving the composition.

52.  (New) The composition of claim 51 in which the preservative comprises BAK.

53.  (New) The composition of claim 51 in which the preservative comprises an oxy-chloro component.

54.  (New)  The composition of claim 51 in which the preservative comprises a chlorite component.

55.  New)  The composition of claim 24 which further comprises a preservative selected from the group consisting of an oxy-chloro component and a quaternary ammonium compound in an amount effective to at least assist in preserving the composition.

56.  (New) The composition of claim 51 in which the preservative comprises BAK.

57.  (New) The composition of claim 51 in which the preservative comprises an oxy-chloro component.

58.  (New) The composition of claim 51 in which the preservative comprises a chlorite component.

AGN0221891

RECEIVED

MAR 1 9 2003

~~PTO/SB/122 (10-91)~~
Approved for use through 10/31/2002. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE 1600/2900

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| CHANGE OF | Application Number | 09/904,018 |
|---|---|---|
| **CHANGE OF** | Filing Date | July 10, 2001 |
| **CORRESPONDENCE ADDRESS** | First Named Inventor | Olejnik |
| *Application* | Art Unit | 1615 |
| Address to:<br>Commissioner for Patents<br>Washington, D.C. 20231 | Examiner Name | Bennett, R.M. |
| | Attorney Docket No. | D-2892 |

Please change the Correspondence Address for the above-identified application

to:

| ☐ | Customer Number | | Customer Number | → | | |
|---|---|---|---|---|---|---|

OR

| Firm or<br>Individual Name<br>☒ | Carlos A. Fisher |
|---|---|
| Address | Allergan, Inc.<br>2525 Dupont Drive |
| City | Irvine | State | CA | Zip | 92627 |
| Country | US |
| Telephone | 714-246-4920 | Fax | 714-246-4249 |

This form cannot be used to change the data associated with a Customer Number. To change the data associated with an existing Customer Number use "Request for Customer Number Data Change" (PTO/SB/124).

I am the:

☐ Applicant/Inventor.

☐ Assignee of record of the entire interest.
    Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96).

☒ Attorney or Agent of record.

☐ Registered practitioner named in the application transmittal letter in an application
    without an executed oath or declaration. See 37 CFR 1.33(a)(1). Registration Number _____

| Typed or Printed<br>Name | Frank J. Uxa |
|---|---|
| Signature | |
| Date | March 10, 2003 |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

| ☒ | *Total of | 1 | forms are submitted. |
|---|---|---|---|

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, Washington, DC 20231, on or before

March 10, 2003

Bret McFee

Title Assist

Date 3/10/03

AGN0221892



DOCKET NO. 17361 (AR)
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In Re Application of Olejnik, et al. | Group Art Unit: 1626 |
| Serial No: 09/904,018 | Examiner: Bennett, R. |
| Filed: July 10, 2001 | |
| For: COMPOSITIONS CONTAINING ALPHA-2-ADRNERGIC AGONIST COMPONENTS | |



REPLY TO OFFICE ACTION

This communication is in Reply to the Office Action mailed January 15, 2003. Applicants have carefully studied the Office Action, and respectfully request reconsideration of the claim rejections in light of the claim amendments and comments which follow.

AMENDMENTS TO THE CLAIMS

Kindly make the following amendments to the claims:



1.    (Currently amended)    A ~~therapeutically effective aqueous~~ composition comprising:

~~an alpha-2-adrenergic agonist component~~ a therapeutically active alpha-2-adrenergic agonist component selected from the group consisting of 5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline, a salt thereof, and an ester thereof in an amount effective to provide a therapeutic benefit to a patient to whom the composition is administered; and

a polyanionic solubility enhancing component in an amount effective to increase the solubility of the alpha-2-adrenergic agonist component in the composition relative to the solubility of an identical alpha-2-adrenergic agonist component in a similar composition without the solubility enhancing component~~, and~~

~~a liquid carrier component.~~

2.    Cancel

3.    Cancel

Serial No. 09/904,018                    2                    Docket No. 17361(AP)

4.      Cancel

5.      Cancel

6.      Original claim

7.      (Currently amended)  The composition of claim 1 wherein the ~~alpha-2 adrenergic agonist~~ therapeutically active component is substantially unionized.

8.      (Currently amended)     The composition of claim 1 wherein the ~~alpha-2 adrenergic agonist~~ therapeutically active component is substantially unionized in a biological environment to which the composition is administered.

9.      (Currently amended)  The composition of claim 1 wherein the therapeutically active ~~alpha-2 adrenergic agonist~~ component has increased diffusion through a lipid membrane relative to an identical therapeutically active ~~alpha-2 adrenergic agonist~~ component in a similar composition without the solubility enhancing component.

10.     Cancel

11.     (Currently amended)  The composition of claim 1 wherein the solubility enhancing component is effective to increase the solubility in a biological environment of the ~~alpha-2 adrenergic agonist~~ therapeutically active component relative to the solubility in a biological environment of an identical ~~alpha-2 adrenergic agonist~~ therapeutically active component in a similar composition without the solubility enhancing component.

12.     Cancel

13.     (Currently amended) The composition of claim ~~12~~ 1 wherein said polyanionic component is selected from the group consisting of anionic cellulose derivatives, anionic polymers derived from acrylic acid, anionic polymers derived from methacrylic acid, anionic polymers derived from alginic acid, anionic polymers derived from amino acids and mixtures thereof.

14.     Original claim

15.     Original claim

16.     Original claim

17.     Original claim

18.     Original claim

19.     Cancel

20.     Cancel

AGN0221894

Serial No. 09/904,018                    3                    Docket No. 17361(AP)

21.    Original claim

22.    Original claim

23.    Original claim

24.    (Amended)    A therapeutically effective aqueous composition comprising:

a therapeutically active component selected from the group consisting of 5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline, a salt thereof, and an ester thereof an alpha-2-adrenergic agonist component in an amount effective to provide a therapeutic benefit to a patient to whom the composition is administered; and

an anionic cellulose derivative in an amount effective to increase the solubility of the therapeutically active alpha-2-adrenergic agonist component; and

an aqueous liquid carrier component.

25.    Original claim

26.    Original claim

27.    Original claim

28.    (Amended)    A therapeutically effective aqueous composition comprising:

a tartrate of 5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline in an amount effective to provide a therapeutic benefit to a patient to whom the composition is administered; and

an anionic solubility enhancing component in an amount effective to increase the solubility of the tartrate of 5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline; and

an aqueous liquid carrier component.

29.    Original claim

30.    Original claim

31-46    Withdrawn

47.    (New)    The composition of claim 1 which further comprises a preservative selected from the group consisting of an oxy-chloro component and a quaternary ammonium compound in an amount effective to at least assist in preserving the composition.

AGN0221895

Serial No. 09/904,018                4                Docket No. 17361(AP)

48. (New) The composition of claim 47 in which the preservative comprises benzalkonium chloride.

49. (New) The composition of claim 47 in which the preservative comprises an oxy-chloro component.

50. (New) The composition of claim 47 in which the preservative comprises a chlorite component.

51. (New) The composition of claim 24 which further comprises a preservative selected from the group consisting of an oxy-chloro component and a quaternary ammonium compound in an amount effective to at least assist in preserving the composition.

52. (New) The composition of claim 51 in which the preservative comprises benzalkonium chloride.

53. (New) The composition of claim 51 in which the preservative comprises an oxy-chloro component.

54. (New) The composition of claim 51 in which the preservative comprises a chlorite component.

55. New) The composition of claim 28 which further comprises a preservative selected from the group consisting of an oxy-chloro component and a quaternary ammonium compound in an amount effective to at least assist in preserving the composition.

56. (New) The composition of claim 55 in which the preservative comprises benzalkonium chloride.

57. (New) The composition of claim 55 in which the preservative comprises an oxy-chloro component.

58. (New) The composition of claim 55 in which the preservative comprises a chlorite component.

AGN0221896

Serial No. 09/904,018                5                Docket No. 17361(AP)

## REMARKS

Applicants would like to thank Examiner Bennett for her courtesy in granting and conducting a telephonic interview on February 25, 2003. During the interview Examiner Bennett and the undersigned discussed the outstanding rejections and proposed claim amendments.

Independent claims 1, 24 and 28 and dependent claims 7, 8, 9, 11, and 13 have been amended and new claims 47-58 have been added. All the amendments are supported by the specification. For example, claim 1 has been amended to claim a therapeutically effective aqueous composition; this is supported by the specification e.g., at page 20, lines 21-26 and page 21, lines 10-11. The claim has also been amended to indicate that the composition contains 5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline or a salt or ester thereof. Support for this amendment is found in, e.g., original claim 4 and the specification at page 10. Finally, claim 1 has been amended to indicate that the solubility enhancing component is a polyanionic component. Support for this amendment can be found at page 4, lines 16-18.

Additionally, claims 2-5,10, 12, 19 and 20 have been cancelled.

Applicants would like to point out that these claim amendments and cancellations have been made solely in order to enable early allowance of certain aspects of the invention; Applicants have cancelled and/or amended claims in this application with the understanding that they may present the unamended and non-cancelled versions thereof in a subsequent patent application.

*Provisional Double Patenting*

The Examiner has made a provisional double patenting rejection of the invention claimed in this patent application over co-pending patent application Serial No. 10/236,566. Applicants are herewith filing a Terminal Disclaimer over the '566 application; thus Applicant believe this rejection is now moot

35 USC §112

The Examiner rejected claims 1, 7 and 8 as being indefinite in the use of the language "substantially unionized". Applicants respectfully traverse this rejection.

As an initial matter, this language is only found in claims 7 and 8; thus Applicants believe that claim 1 is not subject to this rejection.

AGN0221897

Serial No. 09/904,018                6                Docket No. 17361(AP)

Secondly, the specification at e.g., page 11 lines 13-21 makes clear that in a preferred embodiment of disclosed invention the alpha 2 adrenergic agonist (such as brimonidine (5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline), as now claimed) is substantially unionized (i.e., formulated at a pH approaching or at its $pK_a$) to facilitate permeation of the compound across membrane lipid bilayers, such as, for example, the cell membranes of corneal cells. In this context, the word "substantially" would be understood by the person of skill in the art to refer to the fact that the alpha agonist is present in the claimed composition as a population of molecules; when substantially unionized at a given pH the majority of the molecules will be electronically neutral, but perhaps not every molecule will be uncharged.

Foe this reason Applicants believe that the term "substantially unionized" is not indefinite, and request reconsideration of the rejection.

*35 USC §103*

The Examiner has rejected claims 1-30 over Burke (US 5,215,991) in view of Remington Pharmaceutical Sciences. The Examiner has stated that Burke discloses brimonidine in various formulations, including an aqueous formulation; at column 5 it also discloses "vehicles" which could be used in such a formulation; these include polyvinyl alcohol, povidone (polyvinylpyrrolidone), hydroxypropylcellulose, poloxamers, carboxymethylcellulose, hydroxyethylcellulose. Remington is said to teach the desirability of increasing viscosity. Applicants respectfully traverse this rejection for the following reasons.

The current claims are directed to compositions comprising brimonidine and salts and esters thereof in combination with an anionic polymeric solubility enhancing component. The specification (at page 12, lines 13-19) discloses that in preferred embodiments of the invention, the solubility enhancing components are sufficiently anionic to interact with and solubilize the brimonidine.

Of the "vehicles" specifically disclosed by the Burke patent, all will function to increase viscosity of a liquid aqueous composition. However, of these vehicles only carboxymethylcellulose (CMC) is an anionic polymer. All of the other polymers are non-ionic. They may act to increase the solution's viscosity, but they do not have the same characteristics as an anionic polymer such as CMC.

Attached to this communication is a Declaration of Orest Olejnik, Ph.D., Principal Scientist, Pharmaceutical Sciences Department, Allergan Inc. Dr. Graham states in this declaration that anionic solubility enhancing components such as CMC have surprising and beneficial properties in the solubilization of brimonidine as compared to non-ionic or cationic polymers. In particular, the use of an anionic polymer solubility enhancing

AGN0221898

Serial No. 09/904,018                7                Docket No. 17361(AP)

component such as CMC (as compared to, for example, hydroxypropyl methyl cellulose) has the advantage of adsorbing to cellular surfaces, such as the cornea of the eye, in a manner that retains any drug in solution with the CMC to be retained at the ocular surface far longer (and in a larger volume) than viscous formulations made with other, non-anionic polymers, while simultaneously increasing solubility.

In light of Dr. Olejnik's Declaration, the patent specification and the state of the art, the Applicants therefore submit that, alone or in combination with Remington, Burke contains no disclosure that would direct or motivate the person of ordinary skill in the art to select or want to select an anionic polymeric solubility enhancing component such as CMC from the list of optional viscous "vehicles" contained in the '991 patent.

Only the present patent application provides the necessary direction; and to pick and choose elements from lists within the prior art to "create" a claimed invention based in whole or in part on the patent application within which it is first disclosed is clearly impermissible hindsight reconstruction of the invention. Yet, the Applicants respectfully believe that this must be the conclusion of the current rejection.

For these reasons, the Applicants respectfully request reconsideration and withdrawal of the pending rejection.

Date: 3/11/03          By: _____

Carlos A. Fisher
Reg. No. 36,510
ALLERGAN SALES, INC.

Please direct all correspondence to:

Carlos A. Fisher (T2-7H)
Attorney of Record
ALLERGAN, INC.
2525 Dupont Drive
Irvine, CA 92612
Telephone: 714/246-4920
Fax: 714/246-4249

AGN0221899

DOCKET NO. 17361AP)

1626/1A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Re Application of Olejnik, et al.                    | Group Art Unit: 1626

Serial No: 09/904,018                                | Examiner: Bennett, R.
Conf. No.: 1779
Filed: July 10, 2001

For:    COMPOSITIONS CONTAINING ALPHA-
2-ADRNERGIC AGONIST COMPONENTS

## TRANSMITTAL SHEET

Assistant Commissioner for Patents

Washington, D.C. 20231

Sir:

Transmitted herewith is an Amendment in the above-identified application. Enclosed are:

1)    Return/Stamped Postcard

2)    Transmittal Sheet

3)    Reply and Amendment (7 pgs.)

4)    Terminal Disclaimer

5)    Declaration of Orest Olejnik, Ph.D.

CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal
Service as first class mail in an envelope addressed to: Box Amendment-Fee; Assistant
Commissioner for Patents, Washington, D.C. 20231 on

3/12/2003                          BONNIE FERGUSON
(Date of Deposit)                  Name of person mailing correspondence

3/12/2003                          Bonnie Ferguson
Date of Signature                  Signature

AGN0221900

Serial No. 09/904,018                2                Docket No. 17361(AP)

The fee has been calculated as shown below:

CLAIMS AS FILED

| | CLAIMS REMAINING FEE AFTER AMENDMENT | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | |
|---|---|---|---|---|---|
| Total Claims | 33 | 46 | = 0 × | $18 | = $0.00 |
| Independent Claims | 6 | 3 | = 0 × | $84 | = $0.00 |

If application has been amended to contain multiple
dependent claim(s), then add                              No          $280       = $0.00

| (Select only one) | one month | $110 | = $ |
|---|---|---|---|
| Time Extension Fees: | two months | $410 | = $ |
| | three months | $930 | = $ |
| | four months | $1,450 | = $ |

TOTAL ADDITIONAL FEE
FOR THIS AMENDMENT   $0.00

( )  A check in the amount of $* is  enclosed (place fee in here i.e., petition, excess claims, etc.)
( x )  The Commissioner is hereby authorized to charge fees under 37 CFR 1.16 and 1.17
(associated with petition fees or excess claim fees) which may be required, or credit any
overpayment to Deposit Account No. 01-0885.  A duplicate copy of this sheet is enclosed.

Respectfully Submitted,

Date: 3/11/03                    Signature: _____

Carlos A. Fisher
Registration No. 36,510
Legal Department, T2-7H
ALLERGAN, INC.
2525 Dupont Drive
Irvine, CA 92612
Telephone: (714) 246-4920
Fax: (714) 246-4249

AGN0221901



DOCKET NO. 17361 (AP)
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Olejnik, et al.

Serial No: 09/904,018

Filed: July 10, 2001

For:   COMPOSITIONS CONTAINING
ALPHA-2-ADRNERGIC AGONIST
COMPONENTS

Group Art Unit: 1626

Examiner:  Bennett, R.

DECLARATION OF OREST OLEJNIK, Ph.D.

Dear Sir,

I, Orest Olejnik, Ph.D., hereby declare as follows:

1.    I received a B.Sc. degree in Pharmacy, with honors, from the Sunderland School of
Pharmacy, England in 1977. In 1981 I was awarded a Ph.D. in Pharmaceutics by the
University of Nottingham, Nottingham, England.

2.    I have worked in the pharmaceutical development field as a pharmacist and in
various managerial capacities since 1977. From 1991-1999 I was Director of
Pharmaceutical Development at Allergan, Inc., in Irvine, California. I presently hold
the position of Vice President of Pharmaceutical Sciences at Allergan.

3.    I am a co-inventor of the present patent application 09/904,018, entitled
"Compositions Containing Alpha-2-Adrenergic Agonist Components". I
understand that the formerly pending claims were rejected under 35 USC 103 as
obvious over US Patent 5,215,991 (the "Burke" patent) in view of Remington's
Pharmaceutical Sciences, cited in the Form PTO-892 as part of Paper No. 7. I have
reviewed each of these references.

4.    The Burke patent references the presently claimed alpha-2-agonist 5-bromo-6-(2-
imidozolin-2-ylamino) quinoxaline ("brimonidine"). The Burke patent discloses a
multitude of different ingredients that may be contained in formulations containing
brimonidine; among these are mentioned optional "vehicles" which may include,
without limitation, polyvinyl alcohol, povidone (polyvinylpyrrolidone),
hydroxypropylcellulose, poloxamers, carboxymethylcellulose (CMC), and

AGN0221902

Serial No. 09/904,018                2                Docket No. 17361(AP)

hydroxyethylcellulose. See Burke, column 5, line 28-34. Burke is silent concerning the purpose of these prospective vehicles.

5.    Remington discloses that these listed polymers, including CMC, may be used as viscosity-increasing agents.

6.    Neither Burke nor Remington discloses that CMC would have any characteristics that would motivate a person of ordinary skill in the art to choose it over other polymers in formulating a brimonidine solution.

7.    Unlike the other listed polymers (polyvinyl alcohol, povidone (polyvinylpyrrolidone), hydroxypropylcellulose, poloxamers, and hydroxyethylcellulose), CMC is anionic at pH 7 or greater. The other listed polymers are non-ionic polymers. I have discovered as a result of work done and/or directed by me at Allergan that CMC possesses the surprising advantages of both increasing the solubility of brimonidine in solution, as shown in Table 1, and causing such solutions to have superior adherence to cell surfaces, including ocular surfaces such as the cornea. Polyvinyl alcohol was found not to possess both of these properties. Increased adherence of the CMC solution is particularly surprising given the fact that the corneal surface is negatively charged; one would expect less adherence in such a solution due to electrostatic repulsion, rather than increased adherence. This surprising result may be due to repulsive forces between the polymer and the cornea orienting the hydrophilic portions of the molecule away from the cornea, thus permitting the hydrophobic domains of these polymers to form an interaction with the lipid portion of the cell surface. With such increased adherence, the active ingredient in solution is placed in contact with the cell surface longer than would otherwise be the case.

8.    It is also my belief that brimonidine solutions made using the other "vehicles" mentioned in the Burke patent would not possess this surprising combination of advantages. Therefore, the disclosures of Burke and Remington's in no way would render the presently claimed compositions obvious to the worker of ordinary (or even extraordinary) skill in the art.

9.    I further declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under §1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

                                    Sincerely yours,

                                    Orest Olejnik, Ph.D.

AGN0221903



DOCKET NO. 17361(AP)
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| In re Application of Olejnik et al | Group Art Unit: 1615 |
|---|---|
| Serial No: 09/904,018 | Examiner: Bennett, R. |
| Filed: July 10, 2001 | |
| For:  COMPOSITIONS CONTAINING ALPHA-2-AGONIST ADRENERGIC AGONIST COMPONENTS | |

Commissioner of Patents
Washington, D.C. 20231

**TERMINAL DISCLAIMER TO OBVIATE A PROVISIONAL DOUBLE
PATENTING REJECTION OVER A PENDING PATENT APPLICATION**

Dear Sir:

The owner, Allergan Sales, Inc., of 100 percent interest in the instant
application hereby disclaims, except as provided below, the terminal part of the
statutory term of any patent granted on the instant application, which would
extend beyond the expiration date of the full statutory term defined in 35 USC
154 and 156 and 173, as may be presently shortened by any terminal disclaimer,
of any patent issuing on co-pending United States Patent Application No.
10/236,566.  The owner hereby agrees that any patent so granted on the instant
application shall be enforceable only for and during such period that it and any
patent issuing from the above- identified patent application are commonly
owned.  This agreement runs with any patent granted on the instant application
and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal
part of any patent granted on the instant application that would extend to the
expiration date of the full statutory term as defined in 35 USC 154 to 156 and 173
of any patent issuing from United States Patent Application No. 10/236,566, as
presently shortened by any terminal disclaimer, in the event that it later: expires
for failure to pay a maintenance fee, is held unenforceable, is found invalid by a
court of competent jurisdiction, is statutorily disclaimed in whole or terminal

03/21/2003 HXUONG1  00000005 010885  09904018
01 FC:1814      110.00 CH

AGN0221904

Serial No. 09/904,018                    2
Docket No. 17361

disclaimed under 37 CFR 1.321, has all claims cancelled by a reexamination
certificate, is reissued, or is in any manner terminated prior to the expiration of
its full statutory term as presently shortened by any terminal disclaimer.

The undersigned is an attorney of record.

Date: _____3/11/03_____

By: _____

Carlos A. Fisher
Reg. No. 36,510

ALLERGAN SALES, INC.

X    Please charge the terminal disclaimer fee under 37 CFR 1.20(d) to
     Account No. 01-0885. A duplicate of this terminal disclaimer is
     enclosed.

Please direct all future correspondence to:

Carlos A. Fisher (T2-7H)
Attorney of Record
ALLERGAN, INC.
2525 Dupont Drive
Irvine, CA 92612
Telephone: 714/246-4920
Fax: 714/246-4249

AGN0221905

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/904,018 | OLEJNIK ET AL. |
| | Examiner | Art Unit | |
| | Rachel M. Bennett | 1615 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Rachel M. Bennett_.                    (3)_____.

(2) _Carlos A. Fisher_.                      (4)_____.

Date of Interview: _10 April 2003_ .

Type:  a)☒ Telephonic   b)☐ Video Conference
       c)☐ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes    e)☐ No.
       If Yes, brief description: _____ .

Claim(s) discussed: _Claims 31-46_ .

Identification of prior art discussed: _____ .

Agreement with respect to the claims  f)☒ was reached.   g)☐ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _The attorney of record authorized the examiner to cancel claims 31-46_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an Attachment to a signed Office action.

_Rachel Bennett_
Examiner's signature, if required

U.S. Patent and Trademark Office
PTO-413 (Rev. 11-02)                          Interview Summary                          Paper No. 13.

AGN0221906

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
#### Paragraph (b)
In every instance where reconsideration is requested in view of an interview with regard to the substance of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

### 37 CFR § 1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorney or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable. Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted;
2) an identification of the claims discussed;
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

2

AGN0221907

| | Application No. | Applicant(s) |
|---|---|---|
| ***Notice of Allowability*** | 09/904,018 | OLEJNIK ET AL. |
| | Examiner | Art Unit | |
| | Rachel M. Bennett | 1615 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *Amendment A filed 3/17/03 and terminal disclaimer filed 5/19/03*.

2. ☒ The allowed claim(s) is/are *1,6-9,11,13-18,21-30 and 47-58*.

3. ☒ The drawings filed on *10 July 2001* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All   b) ☐ Some*   c) ☐ None   of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
      International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____ .

5. ☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
   (a) ☐ The translation of the foreign language provisional application has been received.

6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
      1) ☐ hereto or 2) ☐ to Paper No. ____.
   (b) ☐ including changes required by the proposed drawing correction filed _____ , which has been approved by the Examiner.
   (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1 ☐ Notice of References Cited (PTO-892)
3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
5 ☐ Information Disclosure Statements (PTO-1449), Paper No. ____.
7 ☐ Examiner's Comment Regarding Requirement for Deposit
of Biological Material

2 ☐ Notice of Informal Patent Application (PTO-152)
4 ☒ Interview Summary (PTO-413), Paper No.*13* .
6 ☒ Examiner's Amendment/Comment
8 ☐ Examiner's Statement of Reasons for Allowance
9 ☐ Other _____

THURMAN K. PAGE
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 1600

U.S. Patent and Trademark Office
PTO-37 (Rev. 04-01)                    Notice of Allowability                    Part of Paper No. 14 .

AGN0221908

Application/Control Number: 09/904,018                                Page 2
Art Unit: 1615

## DETAILED ACTION

The examiner acknowledges receipt of Amendment A and Declaration filed 3/17/03.

1.    An examiner's amendment to the record appears below. Should the changes and/or

additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR

1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the

payment of the issue fee.

        Authorization for this examiner's amendment was given in a telephone interview with

Carlos A. Fisher on April 10, 2002.

        The application has been amended as follows:

Please cancel claims 31-46.

### Terminal Disclaimer

2.    The terminal disclaimer filed on 3/17/03 disclaiming the terminal portion of any patent

granted on this application which would extend beyond the expiration date of United States

Application No. 10/236566 and U.S. Patent 6,562,873 has been reviewed and is accepted. The

terminal disclaimer has been recorded.

### Allowable Subject Matter

3.    Claims 1, 6-9, 11, 13-18, 21-30, and 47-58 are allowed.

### Correspondence

        Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Rachel M. Bennett whose telephone number is (703) 308-8779.

The examiner can normally be reached on Monday through Friday, 8:00 A.M. to 4:30 P.M..

AGN0221909

Application/Control Number: 09/904,018                                         Page 3
Art Unit: 1615

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Thurman K. Page can be reached on (703) 308-2927. The fax phone numbers for the

organization where this application or proceeding is assigned are (703) 305-3592 for regular

communications and (703) 308-7924 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is (703) 308-1234.

R. Bennett
May 23, 2003

                                                            THURMAN K. PAGE
                                                   SUPERVISORY PATENT EXAMINER
                                                      TECHNOLOGY CENTER 1600

AGN0221910



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

| 7590 | 06/03/2003 | | EXAMINER |
|---|---|---|---|

CARLOS A. FISHER
ALLERGAN, INC.
2525 DUPONT DRIVE
IRVINE, CA 92627

BENNETT, RACHEL M

| ART UNIT | CLASS-SUBCLASS |
|---|---|
| 1615 | 424-427000 |

DATE MAILED: 06/03/2003

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/504,018 | 07/10/2001 | Orest Olejnik | D-2892 | 1779 |

TITLE OF INVENTION: COMPOSITIONS CONTAINING ALPHA-2-ADRENERGIC AGONIST COMPONENTS

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1300 | $300 | $1600 | 09/03/2003 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 4

PTOL-85 (REV. 05-03) Approved for use through 01/10/2004.

AGN0221911

PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**  Mail Stop ISSUE FEE
Commissioner for Patents
Alexandria, Virginia 22313-1450
**Fax** (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

| CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1) | Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission. |
|---|---|
| 7590    06/03/2003 | |
| CARLOS A. FISHER | Certificate of Mailing or Transmission |
| ALLERGAN, INC. | I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below. |
| 2525 DUPONT DRIVE | |
| IRVINE, CA 92627 | |
| | _____ (Depositor's name) |
| | _____ (Signature) |
| | _____ (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/904,018 | 07/10/2001 | Orest Olejnik | D-2892 | 1779 |

TITLE OF INVENTION: COMPOSITIONS CONTAINING ALPHA-2-ADRENERGIC AGONIST COMPONENTS

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1300 | $300 | $1600 | 09/03/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| BENNETT, RACHEL M | 1615 | 424-427000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)    ☐ Individual  ☐ corporation or other private group entity  ☐ government

| 4a. The following fee(s) are enclosed: | 4b. Payment of Fee(s): |
|---|---|
| ☐ Issue Fee | ☐ A check in the amount of the fee(s) is enclosed. |
| ☐ Publication Fee | ☐ Payment by credit card. Form PTO-2038 is attached. |
| ☐ Advance Order - # of Copies _____ | ☐ The Commissioner is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form). |

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature) _____    (Date) _____

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 05-03) Approved for use through 04/30/2004. OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

AGN0221912

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/904,018 | 07/10/2001 | Orest Olejnik | D-2892 | 1779 |

7590    06/03/2003

CARLOS A. FISHER
ALLERGAN, INC.
2525 DUPONT DRIVE
IRVINE, CA 92627

| EXAMINER |
|---|
| BENNETT, RACHEL M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | |

DATE MAILED: 06/03/2003

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The patent term adjustment to date is 8 days. If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the term adjustment will be 8 days.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

Any questions regarding the patent term extension or adjustment determination should be directed to the Office of Patent Legal Administration at (703)305-1383.

Page 3 of 4

PTOL-85 (REV. 05-03)  Approved for use through 05/30/2004.

AGN0221913

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/904,018 | 07/10/2001 | Orest Olejnik | D-2892 | 1779 |

| 7590 | 06/03/2003 |
|---|---|

CARLOS A. FISHER
ALLERGAN, INC.
2525 DUPONT DRIVE
IRVINE, CA 92627
UNITED STATES

| EXAMINER |
|---|
| BENNETT, RACHEL M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | |

DATE MAILED: 06/03/2003

## Notice of Fee Increase on January 1, 2003

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after January 1, 2003, then the amount due will be higher than that set forth in the "Notice of Allowance and Fee(s) Due" since there will be an increase in fees effective on January 1, 2003. See Revision of Patent and Trademark Fees for Fiscal Year 2003: Final Rule, 67 Fed. Reg. 70847, 70849 (November 27, 2002).

The current fee schedule is accessible from: http://www.uspto.gov/main/howtofees.htm.

If the issue fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due," but not the correct amount in view of the fee increase, a "Notice to Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice to Pay Balance of Issue Fee," if the response to the Notice of Allowance and Fee(s) due form is to be filed on or after January 1, 2003 (or mailed with a certificate of mailing on or after January 1, 2003), the issue fee paid should be the fee that is required at the time the fee is paid. If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously paid issue fee should be paid. See Manual of Patent Examining Procedure, Section 1308.01 (Eighth Edition, August 2001).

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

PTOL-85 (REV. 05-03) Approved for use through 04/30/2004.

AGN0221914



AGN0221915

May-19-03  03:02pm  From-ALLERGAN LEGAL DEPARTMENT        +17142464249        T-987  P.02/06  F-287

DOCKET NO. 17361(AP)
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In Re Application of Olejnik et al | Group Art Unit: 1615 |
| Serial No: 09/904,018 | Examiner: Bennett, R. |
| Filed: July 10, 2001 | |
| For:    COMPOSITIONS CONTAINING ALPHA-2-AGONIST ADRENERGIC AGONIST COMPONENTS | |

#
15

Commissioner of Patents
Washington, D.C. 20231

**TERMINAL DISCLAIMER TO OBVIATE A PROVISIONAL DOUBLE
PATENTING REJECTION OVER BOTH AN ISSUED PATENT AND A
PENDING PATENT APPLICATION**

Dear Sir:

The owner, ALLERGAN SALES, LLC, successor by operation of law to
Allergan Sales, Inc., of 100 percent interest in the instant application hereby disclaims,
except as provided below, the terminal part of the statutory term of any patent granted on
the instant application, which would extend beyond the expiration date of the full
statutory term defined in 35 USC 154 and 156 and 173, as may be presently shortened by
any terminal disclaimer, of 1) any patent issuing on co-pending United States Patent
Application No. 10/236,566 and on 2) issued United States Patent 6,562,873. The owner
hereby agrees that any patent so granted on the instant application shall be enforceable
only for and during such period that it, any patent issuing from the above- identified
patent application, and the above-identified patent are commonly owned. This agreement
runs with any patent granted on the instant application and is binding upon the grantee, its
successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of
any patent granted on the instant application that would extend to the expiration date of
the full statutory term as defined in 35 USC 154 to 156 and 173 of either 1) any patent
issuing from United States Patent Application  No. 10/236,566, or 2) issued United States
Patent 6,562,873 as presently shortened by any terminal disclaimer, in the event that one
or both of the latter:  expires for failure to pay a maintenance fee, is held unenforceable, is
found invalid by a court of competent jurisdiction, is statutorily disclaimed in whole or

AGN0221916

May-18-03  02:03pm   From-ALLERGAN LEGAL DEPARTMENT          +17142464249          T-997  P.03/06  F-287

Serial No. 09/904,018                    2
Docket No. 17361

terminal disclaimed under 37 CFR 1.321, has all claims cancelled by a reexamination
certificate, is reissued, or is in any manner terminated prior to the expiration of its full
statutory term as presently shortened by any terminal disclaimer.

The undersigned is an attorney of record.

Date:  5/19/03

By:  _Carlos A. Fisher_
     Carlos A. Fisher
     Reg. No. 36,510

ALLERGAN SALES, INC.

X̲     Please charge the terminal disclaimer fee under 37 CFR 1.20(d) to
       Account No. 01-0885.  A duplicate of this terminal disclaimer is
       enclosed.

Please direct all future correspondence to:

Carlos A. Fisher (T2-7H)
Attorney of Record
ALLERGAN, INC.
2525 Dupont Drive
Irvine, CA 92612
Telephone: 714/246-4920
Fax: 714/246-4249

Received from < +17142464249 > at 5/19/03 6:02:06 PM [Eastern Daylight Time]

AGN0221917

May-19-03  03:02pm  From-ALLERGAN LEGAL DEPARTMENT            +17142464249            T-987  P.01/08  F-287

## FACSIMILE TRANSMISSION

The information contained in this transmission is privileged and confidential. It is intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

If you have received this communication in error, please notify Allergan immediately by telephone and return the original message to us at the below-indicated address via regular U.S. mail. Thank you.

**FROM:**  Carlos A. Fisher          **TO:**   Group 1615
2525 Dupont Drive                    R. Bennett
Irvine, California  92612            U.S. Patent & Trademark Office

Phone No.:  714-246-4920
Facsimile No.: 714-246-4249          Facsimile No.: 703-746-5315

*Number of pages (including this cover page): 3

```
Please acknowledge receipt of all pages indicated above
     by faxing this page back to Allergan, Inc. at the
              facsimile number provided above
```

In re:      Olejnik, et al.

Appln. No.:  09/904,018                    Docket No.  17361(AP)

Filed:       July 10, 2001                 Date:  May 19, 2003

Title:   COMPOSITIONS CONTAINING
ALPHA-2-AGONIST ADRENERGIC
AGONIST COMPONENTS

Name or type of papers being transmitted:

1) Facsimile Transmission Sheet
2) Terminal Disclaimer

### CERTIFICATE OF FACSIMILE TRANSMISSION

I hereby certify that this paper is being facsimile transmitted to the United States Patent and Trademark Office on the date shown below to (703) 746-5315.

Date:  _5/19/2003_                   By: _Bonnie Ferguson_
                                         BONNIE FERGUSON

Received from < +17142464249 > at 5/19/03 6:02:06 PM [Eastern Daylight Time]

AGN0221918



1/1        6627210



AGN0221919

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective October 1, 2000

Application or Docket Number

*09904018*

### CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) | SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| | | | RATE | FEE | | RATE | FEE |
| TOTAL CLAIMS | *16* | | BASIC FEE | 355.00 | OR | BASIC FEE | 710.00 |
| FOR | NUMBER FILED | NUMBER EXTRA | | | | | |
| TOTAL CHARGEABLE CLAIMS | *46* −minus 20= | * *26* | X$ 9= | | OR | X$18= | *468.00* |
| INDEPENDENT CLAIMS | *6* − minus 3 = | *3* | X40= | | OR | X80= | *240.00* |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ | +135= | | OR | +270= | |
| | | | TOTAL | | | TOTAL | *1418.00* |

\* If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

| AMENDMENT A | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| | Total | * *39* | Minus | ** *46* | = | X$ 9= | | OR | X$18= | |
| | Independent | * *6* | Minus | *** *6* | = | X40= | | OR | X80= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ | +135= | | OR | +270= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| AMENDMENT B | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | | OR | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| | Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus | *** | = | X40= | | OR | X80= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ | +135= | | OR | +270= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| AMENDMENT C | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | | OR | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| | Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus | *** | = | X40= | | OR | X80= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ | +135= | | OR | +270= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\*If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
   The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 8/00)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
*U.S. GPO. 2000-480-708/30103

AGN0221920

## CLAIMS ONLY

| SERIAL NO. | FILING DATE |
|---|---|
| 049044018 | 07/10/01 |

APPLICANT(S)

### CLAIMS

| | AS FILED | | AFTER 1st AMENDMENT | | AFTER 2nd AMENDMENT | |
|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 1 | / | | | | | |
| 2 | | / | | | | |
| 3 | | / | | | | |
| 4 | | / | | | | |
| 5 | | / | | | | |
| 6 | | / | | | | |
| 7 | | / | | | | |
| 8 | | / | | | | |
| 9 | | / | | | | |
| 10 | | / | | | | |
| 11 | | / | | | | |
| 12 | | / | | | | |
| 13 | | / | | | | |
| 14 | | / | | | | |
| 15 | | / | | | | |
| 16 | | / | | | | |
| 17 | | / | | | | |
| 18 | | / | | | | |
| 19 | | / | | | | |
| 20 | | / | | | | |
| 21 | | / | | | | |
| 22 | | / | | | | |
| 23 | | / | | | | |
| 24 | / | | | | | |
| 25 | | / | | | | |
| 26 | | / | | | | |
| 27 | | / | | | | |
| 28 | / | | | | | |
| 29 | | / | | | | |
| 30 | | / | | | | |
| 31 | / | | | | | |
| 32 | | / | | | | |
| 33 | | / | | | | |
| 34 | / | | | | | |
| 35 | | / | | | | |
| 36 | | / | | | | |
| 37 | | / | | | | |
| 38 | | / | | | | |
| 39 | | / | | | | |
| 40 | / | | | | | |
| 41 | | / | | | | |
| 42 | | / | | | | |
| 43 | | / | | | | |
| 44 | | / | | | | |
| 45 | | / | | | | |
| 46 | | / | | | | |
| 47 | | | | | | |
| 48 | | | | | | |
| 49 | | | | | | |
| 50 | | | | | | |
| TOTAL IND. | 6 | | | | | |
| TOTAL DEP. | 40 | | | | | |
| TOTAL CLAIMS | 46 | | | | | |

| | | * | | * | | * | |
|---|---|---|---|---|---|---|---|
| | | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 51 | | | | | | | |
| 52 | | | | | | | |
| 53 | | | | | | | |
| 54 | | | | | | | |
| 55 | | | | | | | |
| 56 | | | | | | | |
| 57 | | | | | | | |
| 58 | | | | | | | |
| 59 | | | | | | | |
| 60 | | | | | | | |
| 61 | | | | | | | |
| 62 | | | | | | | |
| 63 | | | | | | | |
| 64 | | | | | | | |
| 65 | | | | | | | |
| 66 | | | | | | | |
| 67 | | | | | | | |
| 68 | | | | | | | |
| 69 | | | | | | | |
| 70 | | | | | | | |
| 71 | | | | | | | |
| 72 | | | | | | | |
| 73 | | | | | | | |
| 74 | | | | | | | |
| 75 | | | | | | | |
| 76 | | | | | | | |
| 77 | | | | | | | |
| 78 | | | | | | | |
| 79 | | | | | | | |
| 80 | | | | | | | |
| 81 | | | | | | | |
| 82 | | | | | | | |
| 83 | | | | | | | |
| 84 | | | | | | | |
| 85 | | | | | | | |
| 86 | | | | | | | |
| 87 | | | | | | | |
| 88 | | | | | | | |
| 89 | | | | | | | |
| 90 | | | | | | | |
| 91 | | | | | | | |
| 92 | | | | | | | |
| 93 | | | | | | | |
| 94 | | | | | | | |
| 95 | | | | | | | |
| 96 | | | | | | | |
| 97 | | | | | | | |
| 98 | | | | | | | |
| 99 | | | | | | | |
| 100 | | | | | | | |
| TOTAL IND. | | | | | | | |
| TOTAL DEP. | | | | | | | |
| TOTAL CLAIMS | | | | | | | |

*MAY BE USED FOR ADDITIONAL CLAIMS OR ADMENDMENTS

U.S.DEPARTMENT OF COMMERCE
Patent and Trademark Office

FORM PTO-2022 (1-98)

*U.S. Government Printing Office: 1998 - 433-218/70303

AGN0221921

This page intentionally left blank

AGN221922