IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALCON, INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD.,<br><br>Defendants. | Civil Action No. 04-968-GMS |

**PLAINTIFFS ALLERGAN, INC. AND ALLERGAN SALES, LLC'S OBJECTIONS TO ALCON'S SECOND NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Allergan, Inc. and Allergan Sales, LLC ("Plaintiffs") respond and object to the Topics for Examination in Alcon's First Notice of Deposition Pursuant to Rule 30(b)(6) as follows.

## OBJECTIONS

Topic No. 1:

The identification of all individuals involved in the development of the data and information disclosed in the figures and tables contained in the common specification of the patents-in-suit.

Objections to Topic No. 1:

Plaintiffs object to Topic No. 1 as seeking information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to Topic No. 1 as vague and ambiguous to the extent that it is unclear what level of "involvement" is sought.

Topic No. 2:

The identification of all individuals involved in the actual preparation of the figures and tables contained in the common specification of the patents-in-suit.

Objections to Topic No. 2:

Plaintiffs object to Topic No. 2 as seeking information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to Topic No. 1 as vague and ambiguous to the extent that it is unclear what level of "involvement" is sought.

Topic No. 3:
The factual bases supporting the figures and tables contained in the common specification of the patents-in-suit, including but not limited to all testing, data, methodology, and experimental protocols.

Objections to Topic No. 3:

Plaintiffs object to Topic No. 3 as seeking information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to Topic No. 3 as seeking information that is not relevant to any claim or defense of either party to this action.

Topic No. 4:

Data or information developed by or known to the plaintiff that is inconsistent with the information disclosed in the figures and tables contained in the common specification of the patents-in-suit.

Objections to Topic No. 4:

Plaintiffs object to Topic No. 4 as seeking information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to Topic No. 4 as vague and ambiguous to the extent that "inconsistent" is not clear.

Topic No. 5:

The factual bases supporting Allergan's contention that the solubility of brimonidine or brimonidine tartrate in compositions formulated at pH 7 or greater is increased due to the presence of carboxymethylcellulose ("CMC"), including but not limited to all testing, data, methodology, and experimental protocols.

Objections to Topic No. 5:

Plaintiffs object to Topic No. 5 as seeking information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to Topic No. 5 as vague and ambiguous to the extent that it is not clear under what conditions or for what compositions the solubility is to be measured.

Topic No. 6:

Data or information developed by or known to the plaintiff that is inconsistent with Allergan's contention that the solubility of brimonidine or brimonidine tartrate in compositions formulated at pH 7 or greater is increased due to the presence of carboxymethylcellulose ("CMC") or any other "solubility enhancing component," as that term is defined in the common specification of the patents-in-suit ("SEC"). Plaintiffs further object to Topic No. 6 as vague and ambiguous to the extent that it is not clear under what conditions or for what compositions the solubility is to be measured.

Objections to Topic No. 6:

Plaintiffs object to Topic No. 6 as seeking information that is protected by the attorney-client privilege and/or work product doctrine. Allergan further objects to Topic No. 6 as vague and ambiguous to the extent that it is not clear whose proposed construction of "solubility enhancing component" is to be applied.

Topic No. 7:

Data showing the solubility of brimonidine or brimonidine tartrate in compositions formulated at pH 7 or greater that do not contain an SEC.

Objections to Topic No. 7:

Plaintiffs object to Topic No. 7 as seeking information that is protected by the attorney-client privilege and/or work product doctrine. Allergan further objects to Topic No. 6 as vague and ambiguous to the extent that it is not clear whose proposed construction of "SEC" is to be applied.

Topic No. 8:

Data showing the solubility of brimonidine or brimonidine tartrate in compositions formulated at pH 7 or greater that contain an SEC other than CMC.

Objections to Topic No. 8:

Plaintiffs object to Topic No. 8 as seeking information that is protected by the attorney-client privilege and/or work product doctrine. Allergan further objects to Topic No. 6 as vague and ambiguous to the extent that it is not clear whose proposed construction of "SEC" is to be applied.

Dated: May 5, 2005

FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (marsden@fr.com)
Sean P. Hayes (hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Jonathan E. Singer
Michael J. Kane
Deanna J. Reichel
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

Juanita Brooks
W. Chad Shear
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN SALES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2005, I electronically filed with the Clerk of Court PLAINTIFFS ALLERGAN, INC. AND ALLERGAN SALES, LLC'S OBJECTIONS TO ALCON'S SECOND NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) using CM/ECF which will send notification of such filing(s) to the following:

Josy W. Ingersoll
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391

I hereby certify that on May 5, 2005, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Brian D. Coggio, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001

_____
William J. Marsden, Jr.

60292962.doc