# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | | |
|---|---|---|---|---|
| BRUCE M. STARGATT | RICHARD J.A. POPPER | | ATHANASIOS E. AGELAKOPOULOS | MATTHEW B. LUNN |
| BEN T. CASTLE | TERESA A. CHEEK | THE BRANDYWINE BUILDING | JOSEPH M. BARRY | JOSEPH A. MALFITANO |
| SHELDON N. SANDLER | NEILLI MULLEN WALSH | 1000 WEST STREET, 17TH FLOOR | SEAN M. BEACH | GLENN C. MANDALAS |
| RICHARD A. LEVINE | JANET Z. CHARLTON | WILMINGTON, DELAWARE 19801 | DONALD J. BOWMAN, JR. | ADRIA B. MARTINELLI |
| RICHARD A. ZAPPA | ROBERT S. BRADY | | TIMOTHY P. CAIRNS | MICHAEL W. MCDERMOTT |
| FREDERICK W. IOBST | JOEL A. WAITE | | CURTIS J. CROWTHER | MATTHEW B. MCGUIRE |
| RICHARD H. MORSE | BRENT C. SHAFFER | | MARGARET M. DIBIANCA | MARIBETH L. MINELLA |
| DAVID C. MCBRIDE | DANIEL P. JOHNSON | | ERIN EDWARDS | EDMON L. MORTON |
| JOSEPH M. NICHOLSON | CRAIG D. GREAR | | KENNETH J. ENOS | D. FON MUTTAMARA-WALKER |
| CRAIG A. KARSNITZ | TIMOTHY JAY HOUSEAL | WRITER'S DIRECT DIAL NUMBERS | IAN S. FREDERICKS | JENNIFER R. NOEL |
| BARRY M. WILLOUGHBY | BRENDAN LINEHAN SHANNON | VOICE: (302) 571-6689 | JAMES J. GALLAGHER | JOHN J. PASCHETTO |
| JOSY W. INGERSOLL | MARTIN S. LESSNER | FAX: (302) 576-3334 | DANIELLE GIBBS | ADAM W. POFF |
| ANTHONY G. FLYNN | PAULINE K. MORGAN | E-MAIL: jshaw@ycst.com | ALISON G.M. GOODMAN | SETH J. REIDENBERG |
| JEROME K. GROSSMAN | C. BARR FLINN | | SEAN T. GREECHER | FRANCIS J. SCHANNE |
| EUGENE A. DIPRINZIO | NATALIE WOLF | | KARA S. HAMMOND | MICHELE SHERRETTA |
| JAMES L. PATTON, JR. | LISA B. GOODMAN | | DAWN M. JONES | MICHAEL P. STAFFORD |
| ROBERT L. THOMAS | JOHN W. SHAW | | RICHARD S. JULIE | JOHN E. TRACEY |
| WILLIAM D. JOHNSTON | JAMES P. HUGHES, JR. | | KAREN E. KELLER | ALFRED VILLOCH, III |
| TIMOTHY J. SNYDER | EDWIN J. HARRON | | JENNIFER M. KINKUS | MARGARET B. WHITEMAN |
| BRUCE L. SILVERSTEIN | MICHAEL R. NESTOR | | EDWARD J. KOSMOWSKI | CHRISTIAN DOUGLAS WRIGHT |
| WILLIAM W. BOWSER | MAUREEN D. LUKE | | JOHN C. KUFFEL | SHARON M. ZIEG |
| LARRY J. TARABICOS | ROLIN P. BISSELL | | TIMOTHY E. LENGKEEK | |
| RICHARD A. DILIBERTO, JR. | SCOTT A. HOLT | | | |
| MELANIE K. SHARP | JOHN T. DORSEY | | | JOHN D. MCLAUGHLIN, JR. |
| CASSANDRA F. ROBERTS | M. BLAKE CLEARY | | STUART B. YOUNG | ELENA C. NORMAN (NY ONLY) |
| | | | EDWARD B. MAXWELL, 2ND | PATRICIA A. WIDDOSS |
| | | | OF COUNSEL | SPECIAL COUNSEL |

May 23, 2005

**BY ELECTRONIC FILING**
The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

  Re: <u>Allergan, Inc., et al. v. Alcon, Inc., et al.</u>, C.A. No. 04-968 GMS

Dear Judge Sleet:

  Pursuant to paragraph 13 of the Scheduling Order (D.I. 30), Alcon submits this letter brief in further support of its motion to strike Allergan's jury demand (D.I. 63).

## I.  INTRODUCTION

  Allergan bases its purported right to a jury trial on the existence of some hypothetical action for patent infringement that, but for the Hatch-Waxman Act, it would have filed against Alcon. Since, in 18th century England, this hypothetical infringement action would supposedly have been tried to a jury, Allergan argues that the Seventh Amendment warrants the same fact finder for the present action.

  Allergan's purported constitutional right to a jury trial rests entirely on whether <u>this</u> particular action, which was instituted under the Hatch-Waxman Act, could have been tried to a jury under the applicable law when the Seventh Amendment was adopted. The law clearly holds that this action, which is based in equity, was <u>not</u> amenable to a jury trial in 18th century England and that the passage of the Hatch-Waxman Act does not affect that result. For example, Circuit Judge Posner, sitting by designation in <u>Abbott Laboratories, Inc. v. Torpharm, Inc.</u>, 309 F. Supp.2d 1043 (N.D. Ill. 2004), has recognized that in a Hatch-Waxman action, the patentee (<u>e.g.</u>, Allergan) "cannot seek damages because [the defendant (<u>e.g.</u>, Alcon)] has not yet begun to market its generic substitute . . . ." Under these circumstances, a a bench trial is mandated because the patentee "is seeking only equitable relief." The result would have been the same in 18th century England. See <u>Tegal Corp. v. Tokyo Electron Am., Inc.</u>, 257 F.3d 1331, 1340 (Fed. Cir. 2001) (The Federal Circuit held that in 18th century England, a patentee that instituted an infringement action which requested only equitable relief "would have needed . . . to bring its case in a court of equity.") <u>Id.</u> at 1340. That the Hatch-Waxman Act expressly <u>precludes</u> a claim for damages only serves to confirm the equitable nature of the present suit.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
May 23, 2005
Page 2

## II.  ARGUMENT

### A.  There Is No Right To A Jury Trial In Hatch-Waxman Actions

Allergan contends that the Hatch-Waxman Act somehow "altered" the legal framework as it affects the right to a jury trial.[1] But, as indicated by the cases cited in Alcon's opening brief, the Hatch-Waxman Act did not change the established jurisprudence holding that the right to a jury trial requires a demand for legal – not equitable – relief. Thus, actions under section 271(e)(2) of the Hatch-Waxman Act are subject to the same analysis as typical patent infringement actions. For example, in a traditional patent action, the Ninth Circuit Court of Appeals held in Shubin v. United States District Court, 313 F.2d 250, 251 (9th Cir. 1963), that where a patentee only seeks an injunction against "threatened infringement," a "legal issue" is not presented and the "only remedy would be in equity." (emphasis added).[2] Like the patentee in Shubin, Allergan does not seek monetary damages, but only an injunction against "threatened" infringement. Accordingly, its only remedy is – and has always been – in a court of equity, where no right to a jury trial exists. See Bayer AG v. Schein Pharm., Inc., No. 99-2181 (GEB), 2000 U.S. Dist. LEXIS 20718 at *7 (D.N.J. Feb. 23, 2000) ("[i]n cases seeking to enjoin future infringement . . . the patentee has no right to a jury trial").

### B.  Contrary To Allergan's Assertion, Alcon's Seventh Amendment Analysis Is Not "Faulty"

Although Allergan is correct that the two prongs ("nature of the action" and "requested relief") converge in Hatch-Waxman actions, this case does not satisfy either prong of the mandated test for determining the right to a jury trial under the Seventh Amendment. See Alcon Opening Br. at 2-4. The present action is not "legal" in nature because no damages are sought. Therefore, the case would have been brought in equity in 18th century England. See Tegal, 257 F.3d at 1340 ("[G]iven Tegal's interest only in an injunction, it is clear that Tegal would have needed, in eighteenth century England, to bring its case in a court of equity."). Moreover, relying on Tegal, the Federal Circuit stated in In re Apotex, Inc., 49 Fed. Appx. 902, 2002 WL 31388364 (Fed. Cir. Oct. 9, 2002) – a Hatch-Waxman case –that "[b]ecause the nature of the underlying controversy is entirely equitable, there can be no right to a jury trial." Id. at 903. Although the decision is designated non-precedential, it is the clearest expression of the Federal Circuit's position on the very issue facing this Court.[3]

### C.  Allergan Is Not Entitled To A Jury Trial On Alcon's Declaratory Judgment Counterclaims

Allergan argues that the law on its entitlement to a jury trial on Alcon's counterclaims is far from settled. (Allergan Br. at 3). That may have been true at one time. But after the Federal

---

[1] Allergan Br. at 1. Allergan also argues that the statute does not mention an intent to limit the patentee to only a bench trial (Allergan Br. at 2). But 35 U.S.C. § 271(e)(4) explicitly states that the remedies available in a Hatch-Waxman action may be granted by a "court."

[2] See also Beaunit Mills, Inc. v. Eday Fabric Sales Corp., 124 F.2d 563, 565 (2d Cir. 1942) ("[O]n issues of patent infringement a jury trial may be had under a claim for damages only, as distinguished from a claim for injunction and accounting of profits.") (citations omitted).

[3] It is not surprising that the Glaxo case was designated non-precedential because, after the Federal Circuit's decision in Tegal, it "did not add [ ] significantly to the [existing] body of law," which is the standard used by the Federal Circuit in deciding whether a particular decision is "non-precedential." Fed. Cir. R. 47.6(b).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
May 23, 2005
Page 3

Circuit's decision in Tegal, no court has held that a declaratory judgment counterclaim provides a jury trial right in any patent infringement action, including actions instituted under the Hatch-Waxman Act. In fact, the district court decisions (Warner-Lambert, Hoechst, and Zeneca) and the Federal Circuit decisions (Lockwood and SGS-Thompson) Allergan cites were all decided **before** Tegal. The precedential importance of Tegal decision to the present analysis cannot be ignored. See, e.g., Kao Corp. v. Unilever U.S., Inc., No. Civ. 01-680-SLR, 2003 WL 1905635 at *3 (D. Del. April 17, 2003) (citing Tegal, Chief Judge Robinson held that counterclaims for invalidity and non-infringement do not entitle either party to a jury trial.).

Indeed, the precedential value of Tegal is seen again in Chief Judge Robinson's decision in Rhenalu v. Alcoa, Inc., No. Civ. A 99-301-SLR, 2000 WL 1868178 (D. Del. Dec. 14, 2000). As relevant here, plaintiff Rhenalu filed a declaratory judgment action seeking a judgment of invalidity and non-infringement of defendant Alcoa's patent. Alcoa filed a counterclaim for infringement and requested damages and an injunction. Id. at *1. The parties later stipulated that "no monetary relief (including damages) will be sought in this litigation." Id. at *1 n.1. The case was tried to a jury, and the patent was held valid and infringed. Based upon the then recently-decided Tegal case, Rhenalu moved to vacate the judgment because a jury trial was not authorized. Judge Robinson granted the motion and stated: "Pursuant to the Federal Circuit's decision in Tegal Corp. v. Tokyo Electon [sic] Am., Inc., . . . given that defendant-patentee voluntarily withdrew its claim for damages, it also waived its right to a jury trial."[4] Thus, without a claim for damages, Allergan has no right to a jury trial, even where counterclaims for declaratory judgments of invalidity and non-infringement are asserted.

Accordingly, any uncertainty that might have previously existed on this particular issue has been resolved in Alcon's favor. See, e.g., Glaxo Wellcome Inc. v. Geneva Pharms., Inc., 45 U.S.P.Q.2d 1702, 1703 (D.N.J. 1997) (Defendants' counterclaim for non-infringement was "analogous to a traditional equitable remedy. . . . Such an action does not provide any Seventh Amendment right to a jury trial and cannot sustain plaintiffs' jury demand.") (internal citation omitted); Sanofi-Synthelabo v. Apotex, Inc., 64 U.S.PQ.2d 1684, 1689 (S.D.N.Y. 2002) (no right to a jury trial on declaratory judgment counterclaims in Hatch-Waxman actions in the absence of actual damages).

### III.  CONCLUSION

For the reasons stated herein and in its opening letter brief, Alcon respectfully requests that the Court grant its motion to strike Allergan's demand for a trial by jury.

Respectfully submitted,

*/s/ John W. Shaw*

John W. Shaw

JWS/prt
cc:  Clerk of the Court (by hand delivery)
     Jonathan E. Singer, Esquire (by facsimile)

---

[4]  Order, dated September 28, 2001 (citation omitted), a copy of which is annexed hereto as Exhibit 1.

Young Conaway Stargatt & Taylor, LLP
The Honorable Gregory M. Sleet
May 23, 2005
Page 4

    William J. Marsden, Esquire (by electronic filing & hand delivery)
    Daniel J. Thomasch, Esquire (by facsimile)
    Brian D. Coggio, Esquire (by facsimile)