IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALLERGAN, INC., ALLERGAN SALES, LLC,

Plaintiffs,

v.

ALCON, INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD.,

Defendants.

Civil Action No. 04-968-GMS

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PORTIONS OF DEFENDANTS' SUMMARY JUDGMENT BRIEF

Dated: May 31, 2005

William J. Marsden, Jr. (marsden@fr.com)
Sean P. Hayes (hayes@fr.com)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone:  (302) 652-5070

Jonathan E. Singer
Michael J. Kane
Deanna J. Reichel
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN  55402
Telephone:  (612) 335-5070

Juanita Brooks
W. Chad Shear
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN SALES, LLC

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................ 1

I.    Alcon's Assertion that its Written Description Defense has been Consistent
      All Along is Specious ............................................................ 1

II.   The Claim Construction Cases Cited by Alcon are Inapposite ............ 2

## TABLE OF AUTHORITIES

**Page(s)**

*Advanced Medical Optics, Inc. v. Alcon, Inc.*,
    361 F. Supp. 2d 404, 418, n.8 (D. Del. 2005)      4

## INTRODUCTION

Alcon cannot disguise the fact that its written description argument has changed from: (1) There is no support in the specification of the '834 patent for the claimed 0.15% concentration; to (2) Okay, there is support for the claimed 0.15% concentration, but there is no support for that concentration being "therapeutically effective."

Alcon does its best to blur the two issues, principally by citing a number of cases which stand for the unremarkable proposition that claim terms are to be construed in context. Allergan certainly does not dispute that canon of claim construction. But it does not give Alcon license to raise a new written description defense on summary judgment based on the "therapeutically effective" limitation, when Alcon's responses to Allergan's discovery requests and the representations it made to the Court to secure the extraordinary opportunity to move for early summary judgment never mentioned the "therapeutically effective" limitation. This court should grant Allergan's motion to strike and should not permit Alcon, which has a documented history of attempting to "impermissibly sandbag" its opponents, *see Advanced Medical Optics, Inc. v. Alcon, Inc.*, 361 F.Supp. 2d 404, 418, n.8 (D. Del. 2005), to do the same to Allergan.

## I. Alcon's Assertion that its Written Description Defense has been Consistent All Along is Specious

Alcon contends that its written description defense has been the same all along. As demonstrated previously by Allergan, however, the argument advanced in Alcon's summary judgment papers is not even mentioned in Alcon's paragraph IV letter or its responses to Allergan's discovery requests.

As explained in Allergan's opening brief (D.I. 69), Alcon had to discard its original written description argument after it became clear through discovery that Alcon's

original construction of the claim term "about 0.15%" was untenable. The specification of the '834 patent clearly discloses a concentration of "about 0.15%," as Alcon now construes that term. Consequently, Alcon was forced to abandon its original written description defense in favor of this new one based on the "therapeutically effective" limitation.

Alcon speciously argues that it was "outrageous" for Allergan "to rely on this preliminary claim interpretation without explicitly informing the Court." (Alcon's Br., D.I. 84, at 7.) But Defendants' Claim Chart was not merely something thrown out informally for discussion purposes. It was a pleading which Alcon served on Allergan pursuant to the Court's Scheduling Order. (*See* Scheduling Order, D.I. 30, at 2.) And it served as the basis for Alcon's original written description argument—as set forth in Alcon's discovery responses, its Paragraph IV letter and as described in its representations to the Court and to Allergan—that a 0.15% brimonidine solution is not disclosed in the specification of the '834 patent. According to Alcon, Allergan and the Court should not rely on the documents Alcon serves on Allergan pursuant to statute and Court orders.

## II.    The Claim Construction Cases Cited by Alcon are Inapposite

Alcon cites several cases which merely restate the hornbook rule that claim terms must be construed in context. If the issue presented here was how to properly construe the term "about 0.15%," Alcon's cases might be applicable. But that is not the issue, as Alcon itself admits: "The ultimate interpretation of the term 'about 0.15% (w/v)' has no effect whatsoever on Alcon's section 112 [written description] defense." (D.I. 84, at 7.)

Alcon instead attempts to use these cases to excuse its last minute change of position on written description. Alcon argues, in effect, that it does not matter which

2

claim limitation its written description defense relies on, since claims are construed as a whole anyway.

That argument is original, but it is not supported by the cases Alcon cites. In fact, none of the cases cited by Alcon even concerns a written description defense. In Alcon's closest case, *BOC Health Care, Inc. v. Nellcor, Inc.*, 892 F. Supp. 598 (D. Del. 1995), the issue was whether a patent claim was indefinite under 35 U.S.C. § 112, paragraph 2. *Id.* at 612. The accused infringer alleged that at least four limitations in the claim, "any one of which, and certainly all of which when combined," rendered the claim indefinite and thus invalid. *Id.* The Court merely stated that it would construe each of the four limitations in context in determining whether any or all of them rendered the claim indefinite. *Id.*

That is a far cry from the situation here, where Alcon held up one limitation ("about 0.15%") as the basis for its written description defense and then switched at the last minute to an entirely different limitation ("therapeutically effective"). The rest of the cases cited by Alcon are standard claim construction cases which merely restate the rule that claim terms must be considered in context.

By Alcon's logic, Alcon would have been justified in moving for summary judgment of no written description support for *any* claim limitation, since all are related to the "about 0.15%" limitation, and the "about 0.15%" limitation is to be read in the context of the rest of the claim. Alcon evidently believes it would have been justified in suddenly asserting no written description support for the claimed 0.15% composition being "aqueous," or for it "having a pH of about 7 or greater," or for "the 5-bromo-6-(2-imidozolin-2-ylamino) quinoxaline tartrate being soluble in the composition at about 21°

3

C." Allergan was thus, apparently, required to guess which limitation Alcon's written description defense would rely on, and to take discovery based on that guess.

Alcon's assertion that Allergan is being "hypertechnical" for objecting to this approach is absurd. For whatever reason, Alcon is under the mistaken belief that it can spring new arguments on its litigation opponents at will. *Advanced Medical Optics, Inc. v. Alcon, Inc.*, 361 F.Supp. 2d 404, 418, n.8 (D. Del. 2005) (refusing to consider Alcon's arguments which were raised for the first time in its reply brief and should have been made in its opening brief.) And just as in the *Advanced Medical Optics* case, Alcon's new argument is nothing more than "impermissible sandbagging." *Id.*

Alcon also wrongly alleges that Allergan's motion to strike is merely an attempt to "divert the Court's attention from Alcon's summary judgment motion" and to provide support for Allergan's willfulness claim by raising the specter of "litigation misconduct." (Alcon's Br., D.I. 84, at 4.) But Allergan is more than justified in seeking to hold Alcon to its discovery responses, to the representations it made in seeking the Court's permission to move for early summary judgment, and to the Scheduling Order which ultimately granted that permission.

In short, Alcon's last minute switch to the "therapeutically effective" limitation as the basis for its written description defense violates the Scheduling Order and is unfair to Allergan. Accordingly, Allergan respectfully requests the Court to grant its Motion to Strike Portions of Allergan's Summary Judgment Brief (D.I. 68).

Dated:  May 31, 2005                    FISH & RICHARDSON P.C.


                                        By:  /s/ *Sean P. Hayes*
                                        _____
                                            William J. Marsden, Jr. (marsden@fr.com)
                                            Sean P. Hayes (hayes@fr.com)
                                            919 N. Market Street, Suite 1100
                                            P.O. Box 1114
                                            Wilmington, DE 19899-1114
                                            Telephone:  (302) 652-5070

                                            Jonathan E. Singer
                                            Michael J. Kane
                                            Deanna J. Reichel
                                            3300 Dain Rauscher Plaza
                                            60 South Sixth Street
                                            Minneapolis, MN  55402
                                            Telephone:  (612) 335-5070

                                            Juanita Brooks
                                            W. Chad Shear
                                            12390 El Camino Real
                                            San Diego, CA 92130
                                            Telephone: (858) 678-5070

                                            Attorneys for Plaintiffs
                                            ALLERGAN, INC. and ALLERGAN SALES, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2005, I electronically filed with the Clerk of

Court using CM/ECF which will send notification of such filing(s) to the following:

Josy W. Ingersoll
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391

I hereby certify that on May 31, 2005, I have mailed by Federal Express, the

document(s) to the following non-registered participants:

Brian D. Coggio, Esq.
Veronica Mullally
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001

/s/ *Sean P. Hayes*
Sean P. Hayes