IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., and ALLERGAN SALES, LLC., <br><br>Plaintiffs, <br><br>v. <br><br>ALCON INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD., <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )       **Civil Action No: 04-968-GMS** |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY

Allergan's motion continues a strategy of avoiding the merits of Alcon's summary judgment motions. With regard to the '834 patent, that strategy is a product of one dispositive fact: the specification and originally filed claims do not describe the subsequently claimed invention of a reduced dosage (0.15%) brimonidine tartrate product. Allergan strenuously opposed our request to file these motions. Having failed in that endeavor, however, and remaining unable to find written description support in its patent, Allergan has now parsed Alcon's papers, invented purported procedural violations, and beseeched the Court to not consider arguments that it cannot overcome on the merits. There is no reason for the Court to be further burdened by such tactics. Alcon welcomes Allergan's response on the merits and consented to Allergan filing a sur-reply to substantively address the CIP application referenced in Alcon's reply brief. Allergan, however, also insisted on alleging that Alcon violated Local

WP3:1119805.1                                                                                                                                            63534.1001

Rule 7.1.3(c)(2) and would not agree to allow us to respond to that unfounded charge. As a result, we ultimately could not consent to Allergan's sur-reply.

Allergan's motion should be summarily denied because we did not raise any new argument in our reply brief, as the reference to the CIP application was made in response to Allergan's arguments, and as illustrative of what adequate written description would look like in this case.

I. THE PRIOR ALCON CASE ARGUED BY ALLERGAN IS ENTIRELY INAPPOSITE BECAUSE THE CIP APPLICATION IS NOT REQUIRED FOR ALCON'S PRIMA FACIE CASE

Allergan's efforts to shoehorn Advanced Med. Optics, Inc. v. Alcon Inc., 361 F. Supp. 2d 404 (D. Del. 2005) into its motion papers vividly demonstrates Allergan's "anything but the merits" litigation strategy. Advanced Med. is a wholly inapposite case which Allergan uses in an attempt to portray Alcon in an unfavorable light. There, Alcon's summary judgment motion was denied because it failed to provide evidence of the motivation to combine references in its opening brief and such motivation is necessary to make out a prima facie case of obviousness. Advanced Med. Optics, 361 F. Supp. 2d at 418 n.8. That case has no bearing on the instant matter because it is beyond dispute that the CIP application is not something "which should have been included in a full and fair opening brief" in order for Alcon to make out its prima facie case that the claims of the '843 patent are invalid for lack of written description. Id. (quoting Local Rule 7.1.3(c)(2)) (emphasis added). While the CIP application is illustrative of written description for the claimed invention, that application adds no element to the written description requirement beyond that which was argued in Alcon's opening brief.

## II. NO NEW ARGUMENT WAS RAISED IN ALCON'S REPLY BRIEF

Alcon raised no new argument in its reply brief and did not violate Local Rule 7. In the cases on which Allergan relies the moving parties raised completely new arguments for the first time in a reply brief.[1] That is <u>not</u> this case. Alcon's argument in its reply brief was exactly what it was in Alcon's opening brief – the claims of the '834 patent are invalid because there is no written description in the original disclosure for the later-claimed invention. Allergan's later-filed CIP application was not the basis for a new or different argument, but rather illustrates the type of written description that is missing from the '834 specification, as Alcon had previously argued. It was entirely proper to so argue in response to Allergan's arguments that the claimed invention was fully described. <u>See</u> <u>In re Fleming Cos., Inc.</u>, 316 B.R. 809, 815 n.3 (D. Del. 2004) (no violation of Rule 7.1.3(c)(2) where contents of reply brief were in response to arguments in opposition brief).

In its opening brief, Alcon argued that "the specification does not suggest or disclose, much less identify" a specific dosage of brimonidine that should be used.[2] While unable to contradict that fact, Allergan pointed to fragments of language and numbers and figures occurring at disparate parts of the patent as allegedly providing the necessary description for the

---

[1] <u>See</u> e.g., <u>Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.</u>, No. Civ.A.00-589 GMS, 2002 WL 531555, at *3 (D. Del. March 26, 2002) (movant raised new argument that defendant failed to plead inequitable conduct with particularity and thereby waived affirmative defense); <u>Jordan v. Bellinger</u>, No. Civ.A. 98-230-GMS, 2000 WL 1456297, at *1 n.1 (D. Del. Sept. 21, 2000) (movant raised new argument that property was seized pursuant to prison rules); <u>Student Fin. Corp. v. Royal Indem. Co.</u>, No. 02-11620, 2004 WL 609329, at *3 n.4 (D. Del. March 23, 2004) (movant raised new argument that plaintiff's claims were based on fraud and not pleaded properly); <u>Webloyalty.com, Inc. v. Consumer Innovations, LLC</u>, No. Civ.A.04-90-KAJ, 2005 WL 121796, at *5 - *6 (D. Del. Jan. 13, 2005) (movant devoted 10 pages of reply to new argument on plaintiff's unfair competition claim).

[2] Defendants' Opening Brief In Support Of Their Motion For Summary Judgment Of Non-Infringement Of Allergan's U.S. Patent No. 6,673,337 And Invalidity Of Its U.S. Patent No. 6,641,834 (D.I. 55) at 23.

claimed invention.[3] In reply, in order to show that what Allergan had pointed to did not constitute the type of 'blaze marks' required by the Federal Circuit, we appropriately referenced the specification of the CIP application to show what such 'blaze marks' would look like for the later-claimed invention of the '834 patent.[4] Thus, Alcon's reference of the CIP application in its reply brief was entirely proper. It raised no new arguments and was properly included in response to Allergan's arguments. Therefore, there was no violation of Local Rule 7.1.3(2)(c).

### III. CONCLUSION

For the reasons stated above, Alcon respectfully requests that Plaintiffs' Motion For Leave To File A Sur-Reply be denied.

---

[3] Plaintiffs' Opposition To Defendants' Motion For Summary Judgment Of Non-Infringement Of Allergan's U.S. Patent No. 6,673,337 And Invalidity Of Its U.S. Patent No. 6,641,834 (D.I. 72) at 23-27.

[4] Even if Allergan had grounds for asserting that Alcon should have raised the CIP application in its opening brief, which it does not, it would be estopped from raising them because Allergan withheld all discovery related to the CIP and other applications directly related to the patents-in-suit. This material was responsive to a direct document request made by Alcon in November 2004. See Defendants Alcon Inc., Alcon Laboratories, Inc. And Alcon Research Ltd.'s First Set Of Requests For Production Of Documents And Things (Nos. 1-26) (attached hereto as Exhibit SJ13) at Request No. 1 and Definition No. 16. Indeed, Allergan never indicated the existence of these applications in any way and did not produce their file histories even after Alcon again requested them. Alcon obtained them from the PTO after its opening brief was filed. However, Alcon's reference of the CIP in response to Allergan's arguments was entirely proper, and thus, Allergan's discovery abuse need not become an issue on this motion.

Dated: June 9, 2005

Respectfully submitted,

Young Conaway Stargatt & Taylor, LLP

/s/ John W. Shaw

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
Email: jshaw@ycst.com

Attorneys for defendants
Alcon, Inc., Alcon Laboratories Inc.,
and Alcon Research, Ltd.

Of Counsel

Daniel J. Thomasch
Brian D. Coggio
M. Veronica Mullally
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire hereby certify that on June 9, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>William J. Marsden, Jr., Esquire
>Fish & Richardson, P.A.
>919 N. Market Street, Suite 1100
>Wilmington, DE 19801

I further certify that on June 9, 2005, I caused a copy of the foregoing document to be served on the following non-registered participants in the manner indicated:

### BY E-MAIL

>Jonathan E. Singer, Esquire
>Fish & Richardson, P.A.
>3300 Dain Rauscher Plaza
>60 South Sixth Street
>Minneapolis, MN 55402

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>John W. Shaw (No. 3362)
>Josy W. Ingersoll (No. 1088)
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>jshaw@ycst.com
>
>Attorneys for Defendants