IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**FILED**
JUN 1 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLERGAN, INC., and ALLERGAN SALES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-968 (GMS) |
| ALCON INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

1. Allergan, Inc. and Allergan Sales, LLC (collectively, "Allergan") filed the above-captioned action against Alcon Inc., Alcon Laboratories, Inc., and Alcon Research, Ltd. (collectively, "Alcon") on August 24, 2004. In its complaint, Allergan alleges that Alcon is infringing U.S. Patent No. 6,673,337 (the "'337 patent") and U.S. Patent No. 6,641,834 (the "'834 patent"). Presently before the court are the following motions: (1) Allergan's Motion to Strike Portions of Defendant's Summary Judgment Brief (D.I. 68); and (2) Allergan's Motion for Leave to File a Sur-Reply (D.I. 91).

2. In its motion to strike, Allergan asks the court to find that portions of Alcon's brief in support of its motion for summary judgment of invalidity are beyond the scope of issues which the court permitted Alcon to move for summary judgment. Specifically, Allergan contends that Alcon sought and was granted permission to move for summary judgment based on "whether the claims of the '834 patent violate the written description requirement of 35 U.S.C. § 112 because they use the percentage '0.15%.'" (D.I. 69, at 1.) According to Allergan, however, "[m]uch of Alcon's summary judgment motion . . . focuses . . . [on] whether there is support for the 0.15% (w/v) concentration

being 'therapeutically effective,' as recited in the preambles of the independent claims." (D.I. 69, at 1.)

3.  In its motion for leave to file a sur-reply, Allergan requests the court to consider its short response to Alcon's reply brief in support of its summary judgment motion. Allergan also contends that Alcon violated Rule 7.1.3(c)(2) of the Local Rules for the District of Delaware by raising material arguments regarding a publicly available, abandoned continuation-in-part application ("CIP") filed by Allergan for the first time in its reply brief. Thus, in the alternative, Allergan requests the court to strike Alcon's argument regarding the CIP application.

4.  After having considered the parties' submissions, the Scheduling Order, transcripts of the teleconferences during which Alcon requested to move for summary judgment, and the Delaware Local Rules, the court concludes that Alcon's summary judgment briefing on the issue of invalidity is outside the scope of the limited issue for which the court granted it permission to file its motion.[1]

---

[1] According to the Proposed Scheduling Order (D.I. 30) filed by the parties and granted by the court on February 11, 2005, Alcon's motion for summary judgment of invalidity of the '834 patent "shall be limited to . . . whether the claims of the '834 patent violate the written description requirement of 35 U.S.C. § 112 because they use the percentage '0.15%.'" (D.I. 30 ¶ 8a.) Thus, as evidenced by the Scheduling Order, Alcon did not request permission to file a motion for summary judgment of invalidity as to whether 0.15% (w/v) is a "therapeutically effective" amount of active ingredient. The transcripts from the November 22, 2004 and December 15, 2004 teleconferences with the court offer additional support for the court's conclusion. For example, at the November 22, 2004 teleconference, Alcon, in explaining to the court that the '834 patent is invalid based on "a straightforward lack of written description," stated that the '834 patent has:

> an upper limit on the amount of the active ingredient in the product. This product was previously sold at .2 percent, and when they [the inventors] canceled the claims they put a limit in and they claimed the use of the product with up to .15 percent. There is not a word in the specification that mentions .15 percent. There is not a word in the specification that mentions an upper limit.

(D.I. 24, at 7.) Alcon also stated that "[w]e simply want to look at the claim and spec. and say

The court also concludes that Alcon's reply brief reserves a new argument regarding the CIP application that should have been raised in its opening brief and, therefore, amounts to "impermissible 'sandbagging.'" *Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, No. Civ. A. 00-589 GMS, 2002 WL 53155, at *3 (D. Del. Mar. 26, 2002) (citing *Jordan v. Bellinger*, 2000 U.S. Dist. LEXIS 19233, at *18 (D. Del. April 28, 2000)); *see* D. Del. L.R. 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.").

Therefore, IT IS HEREBY ORDERED that:

1. Allergan's Motion to Strike Portions of Defendant's Summary Judgment Brief (D.I. 68) is GRANTED.

2. Alcon's argument concerning the "therapeutically effective" issue will not be considered by the court.

3. Allergan's request to strike Alcon's argument regarding the CIP application (D.I. 91) from its reply brief in support of its motion for summary judgment is GRANTED.

4. Allergan's Motion for Leave to File a Sur-Reply is DENIED as moot.

Dated: June 13, 2005

UNITED STATES DISTRICT JUDGE

---

there is no support for these claims because nothing in the claim relates to the amount." (*Id.*) During the December 15, 2004 teleconference, Alcon informed the court that "[t]he second motion [for summary judgment] relates to an allegation of lack of written description about the term .15 percent. That is obviously a mathematical term. Everyone knows what .15 percent is. The question is whether or not the claimed limitations that use .15 percent are supported by the specification." (D.I. 31, at 3.) As demonstrated by the above examples, Alcon neither requested nor received permission to submit summary judgment briefing on the issue of whether 0.15% (w/v) is a "therapeutically effective" amount of active ingredient.