IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALCON, INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD.,<br><br>        Defendants. | C.A. No. 04-968-GMS |

**PLAINTIFFS' PROVISIONAL MOTION TO AMEND
THE SCHEDULING ORDER**

Plaintiffs Allergan, Inc. and Allergan Sales, LLC (together, "Allergan") hereby provisionally move to amend the Scheduling Order in the event the Court grants the co-pending motion of Alcon, Inc., Alcon Laboratories, Inc., and Alcon Research, Ltd. (together, "Alcon") to amend their answer (D.I. 107).

Alcon's Motion to Amend seeks to add defenses and counterclaims of inequitable conduct, "unclean hands," and "misjoinder of an inventor(s)" more than eight months after the December 1, 2004 deadline to amend set by the Scheduling Order. (D.I. 30, at 1.) As explained in Allergan's Opposition to Alcon's Motion to Amend, filed herewith, allowing Alcon to add these new defenses and counterclaims at this stage of the litigation would severely prejudice Allergan. Written fact discovery closed on August 1, 2005.[1] (*Id.* at 2.) The deadline for Allergan to seek permission to file a summary judgment

---

[1] Because of scheduling conflicts, the parties have agreed to conduct depositions through August 31, 2005.

motion was August 2, 2005, and opening expert reports are due September 15, 2005.[2] (*Id.* at 4.) If Alcon's Motion to Amend is granted, Allergan would have no opportunity to propound interrogatories and other written discovery regarding the new defenses and counterclaims, no opportunity to seek to dispose of them on summary judgment, and no meaningful opportunity to take deposition discovery or consult with its experts regarding them. The prejudice Allergan would suffer is unmistakable. *See Samick Music Corp. v. Delaware Music Ind., Inc.*, Civ. A. No. 91-23-CMW, 1992 WL 39052, *7 (D. Del. 1992) (citing "obvious prejudice" to plaintiff in denying defendant's motion to amend after discovery closed).

Accordingly, in the event the Court grants Alcon's Motion to Amend, Allergan respectfully requests the Court to amend the Scheduling Order in this case as follows:

| Event | Deadline/Due Date |
|---|---|
| Discovery into Alcon's new defenses and counterclaims | 3 months after grant of Alcon's motion to amend (D.I. 107) |
| Expert discovery | 4 weeks after opening expert reports due |
| Opening expert reports | 3 months after grant of Alcon's motion to amend (D.I. 107) |
| Rebuttal expert reports | 2 weeks after opening expert reports due |
| Opening letter brief(s) seeking permission for Allergan to file motion(s) for summary judgment | 3 months after grant of Alcon's motion to amend (D.I. 107) |
| Answering letter brief(s) opposing permission to file summary judgment motion(s) | 1 week after opening letter brief(s) |
| Reply letter brief(s) seeking permission for to file summary judgment motion(s) | 3 days after answering letter brief(s) |

---

[2] Opening expert reports were originally due on August 15 and rebuttal expert reports on September 2, 2005, but again, because of scheduling conflicts with depositions, the parties have agreed to serve the reports on September 15 and September 29, 2005, respectively.

The trial date and the other remaining dates in the Scheduling Order (including the deadline for Allergan to file summary judgment motion(s) if granted permission, the date for the pretrial conference, the deadline for motions in *limine*, and the deadlines for submission of the draft and final pretrial orders) could be set according to the Court's availability.

The present motion, like Alcon's Motion to Amend, seeks to modify the Scheduling Order and is, therefore, subject to the "good cause" standard of Rule 16(b), which requires the party seeking to amend to show diligence in attempting to meet the original deadline. *See Gonzales v. Comcast Corp.*, No. Civ. A. No. 03-445-KAJ, 2004 WL 2009366, *1 (D. Del. Aug. 25, 2004). Unlike Alcon, however, which does not even mention the "good cause" standard in its motion, Allergan meets the standard. Allergan could not be expected to have foreseen Alcon's thirteenth-hour attempt to spring its new defenses and counterclaims on Allergan. If Alcon's motion is granted, Allergan's inability to meet the deadlines in the Scheduling Order would be due not to any lack of diligence on Allergan's part, but rather to Alcon's undue delay in bringing the new defenses and counterclaims at this late stage.

Accordingly, for the reasons set forth herein and in Allergan's Opposition to Alcon's Motion to Amend its Answer, Allergan respectfully requests the Court to grant its Motion to Amend the Scheduling Order as set forth above. Of course, if Alcon's motion is denied—as it should be—Allergan is satisfied with the existing schedule and the Court can disregard this motion.

Dated: August 9, 2005        FISH & RICHARDSON P.C.

By: /s/ *Sean P. Hayes*
    William J. Marsden, Jr. (marsden@fr.com)
    Sean P. Hayes (hayes@fr.com )
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Telephone: (302) 652-5070

    Jonathan E. Singer
    Michael J. Kane
    Deanna J. Reichel
    FISH & RICHARDSON, P.C., P.A.
    3300 Dain Rauscher Plaza
    60 South Sixth Street
    Minneapolis, MN 55402
    Telephone: (612) 335-5070

    Juanita Brooks
    W. Chad Shear
    FISH & RICHARDSON, P.C.
    12390 El Camino Real
    San Diego, CA 92130
    Telephone: (858) 678-5070

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN SALES, LLC

**RULE 7.1.1 CERTIFICATE**

The undersigned certifies that counsel for movants have made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2005, I electronically filed **PLAINTIFFS' PROVISIONAL MOTION TO AMEND THE SCHEDULING ORDER** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Josy W. Ingersoll
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391


I hereby certify that on August 9, 2005, I have sent via Federal Express, the document(s) to the following non-registered participants:

Brian D. Coggio, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001


/s/ *Sean P. Hayes*
Sean P. Hayes

60308623.doc