# EXHIBIT A

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001

*tel* 212-506-5000
*fax* 212-506-5151
WWW.ORRICK.COM

August 9, 2004

Brian D. Coggio
(212) 506-5075
bcoggio@orrick.com

*VIA FEDERAL EXPRESS*

Michael J. Kane, Esq.
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Re:   Confidential Access To Alcon's FDA Application

Dear Mr. Kane:

Pursuant to the representations in your letter of August 9, 2004 to Patrick M. Ryan of Alcon, Inc., we are forwarding herewith a copy of Alcon's § 505(b)(2) application bearing production Nos. ALC00001 to ALC18522. The documents have been stamped "Restricted Confidential," and we trust that they will be maintained in confidence as reflected in your August 9 letter.

Very truly yours,

Brian D. Coggio

BDC/tap
Encls.
c:      Patrick M. Ryan, Esq.

# EXHIBIT B

# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Date    April 12, 2005

To    M. Veronica Mullally
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001
Telephone: (212) 506-5000

Facsimile number    13351-01253531 / (212) 506-5151

From    Michael J. Kane

Re    Allergan, Inc. v. Alcon Laboratories, et al.
Our Ref.: 13351-012LL1

Number of pages
including this page    2

Message

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 612 335-5070 to arrange for its return. Thank you.

# FISH & RICHARDSON P.C.,P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE**

April 12, 2005

M. Veronica Mullally, Esq.
Orrick, Herrington & Sutcliffe
666 Fifth Avenue
New York, NY 10103-0001

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Re:     *Allergan, Inc. v. Alcon Laboratories, et al.*
        USDC-D. Del. - Civil Action No. 04-968-GMS

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Veronica:

I am writing in response to your letter of April 1, 2005 regarding alleged deficiencies in Allergan's document production. To date, we have produced 219,694 pages of documents, almost four times the number that Alcon has produced. All the documents have been produced as they are kept in the ordinary course of business, in compliance with Rule 34(b). As we discussed, Mr. Kerslake is no longer an employee. We understand that Mr. Kerslake and Mr. Olejnik did not maintain personal files after the close of the project. Their documents are included in the voluminous project files already produced. In reviewing the files today, we discovered some Olejnik electronic files that had not been previously produced. We will produce those documents tomorrow and provide you with bates numbers in our production letter.

We will be making one more small production of documents tomorrow, and believe our production will then be complete. We will, of course, supplement as necessary. Contrary to the suggestion in your letter, we have already produced the requested foreign prosecution history documents, including any communications from the foreign patent offices that exist. We have also produced documents regarding testing.

We can confirm that there are no documents concerning allegations of invalidity, unenforceability, or noninfringement of any claims of the patents-in-suit other than those documents received from Alcon. Also, there are no documents reflecting the filing of an ANDA or 505(b)(2) application for a generic version of Alphagan® P by any entity other than Alcon.

Very truly yours,

Michael J. Kane

30227997 (2).doc

# EXHIBIT C



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001
*tel* 212-506-5000
*fax* 212-506-5151
WWW.ORRICK.COM

February 21, 2005

212-506-5106
vmullally@orrick.com

<u>**VIA FACSIMILE**</u>

Michael Kane
Fish & Richardson P.C.
3300 Dane Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Re:    *Allergan Inc. v. Alcon Inc.,* 04-968-GMS

Dear Michael:

We write with regard to Allergan's responses to Alcon's document requests and interrogatories. First, although, Allergan provided supplemental interrogatory responses to Alcon's Interrogatories Nos. 1 and 5, Allergan has provided no answer to Interrogatory No. 2 which seeks information regarding conception, reduction to practice and first disclosure of the invention(s) claimed in the patents-in-suit. Allergan cannot reasonably object to these inquiries. Accordingly, please provide a full and complete answer to this interrogatory as soon as possible.

With respect to Alcon's document requests, Allergan has indicated that it does not intend to produce documents responsive to Request Nos. 24 and 25 on relevance grounds. The requested documents are relevant to the extent that Paragraph IV certifications, Notice Letters and other documents provided by entities filing ANDA's or 505(b) applications related to Alphagan®P assert that the patents-in-suit, or patents related to the patents-in-suit, are invalid or unenforceable. Please produce all documents responsive to these requests as soon as possible.

In addition, Allergan's use of the filing date for its NDA for Alphagan®P (No. 21-262) as a cutoff date for producing documents responsive to Alcon's Request Nos. 9 and 10 is arbitrary and without support in the Federal Rules or in case law. Allergan's NDA was filed well before the filing date of the provisional application from which the patents-in-suit claim priority. Thus, Alcon is entitled to all documents responsive to Requests Nos. 9 and 10 without limitation as to date.

With respect to Allergan's document production to date, we note that Allergan made its first production of documents to Alcon in this case on February 9, 2005 and has produced only its NDA for Alphagan®P. Allergan has not yet produced <u>any</u> documents directly related to the patents-in-suit and the claimed inventions as requested in Alcon's requests for production. Alcon, on the other hand, has produced 11 boxes of responsive documents to Allergan in addition to its NDA which was produced in its entirety in August 2004. Moreover, Alcon anticipates completing its production



**ORRICK**

February 21, 2005

of documents to Allergan in its entirety before the end of this week. Please provide us with an exact date by which Allergan will produce all documents responsive to Alcon's requests for production. We note that you represented during our last telephone conference that Allergan would produce laboratory notebooks before the end of last week but no documents were produced by Allergan last week.

With regard to the NDA documents that Allergan has produced, several of the boxes of documents produced seem to have been damaged and their contents disordered before their receipt by us. Most of the boxes appear to have been taped multiple times where the boxes have broken. We were able to reconstruct the order of the documents in some of the damaged boxes but the contents of Box 6 (containing bates range AGN 17991-21604) and Box 12 (AGN 39392-42871) appear to have been stuffed into the boxes completely at random (upside down, back to front and completely lacking in order with respect to bates number), perhaps having spilled from the broken boxes in transit. Also, half the documents in Box 10 ( AGN 34427-35780) appear to have been stuffed into that box at random. Please provide an ordered set of documents within these bates ranges as soon as possible.

After today, I will be out of the office until March 2, 2005, please communicate with Brain Coggio of this office during that time.

Sincerely,

M. Veronica Mullally

cc:    John Shaw
       Brian Coggio

# EXHIBIT D

# O
## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001

*tel* 212-506-5000
*fax* 212-506-5151
WWW.ORRICK.COM

March 10, 2005

Veronica Mullally
212-506-5106
vmullally@orrick.com

**VIA FACSIMILE**

Michael Kane, Esq.
Fish & Richardson P.C.
3300 Dane Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Re:    *Allergan Inc. v. Alcon Inc.*, 04-968-GMS

Dear Michael:

　　　We are in receipt of Allergan's First Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) which was served without any consultation with us as to the designated March 31, 2005 date. As you know, the deposition notice lists 13 topics for examination and, while Alcon is currently investigating who the most appropriate witnesses might be for the various listed topics, Alcon's witnesses have not yet been identified. Therefore, we do not know what the availability of Alcon's witnesses is at this time.

　　　Alcon intends to serve notices for 30(b)(6) depositions of Allergan in the near future and perhaps at that time we can discuss suitable dates for each party's depositions without the need for judicial intervention. However, depositions on many of the topics upon which Alcon wishes to examine Allergan cannot take place until Allergan has produced the documents Alcon has repeatedly requested. In this regard, we have been more than accommodating regarding your various excuses as to delays in Allergan's production. We have examined the three boxes of documents that have been produced in addition to Allergan's NDA which you represented contain the most relevant documents and found them to contain multiple copies of the asserted patents and foreign patents applications without the foreign prosecution documents, multiple copies of Allergan's merger and name change documents and a relatively small number of documents related to the claimed invention(s). Without your assurance that Allergan will produce all documents responsive to Alcon's discovery requests by the end of next week (March 18, 2005) we will have no recourse but to seek the Court's intervention.



ORRICK

Michael Kane, Esq.
Page 2
March 10, 2005

With regard to deposition procedure, as I said in my voicemail to you yesterday, we can agree to your proposal of having each 7.5 hours of deposition count as one deposition. We had also agreed when we last spoke that the depositions would take place where the witnesses are located. Alcon's witnesses are located in the city of Fort Worth, Texas and will be produced there per our agreement.

On another note, Allergan's discovery requests sought production of certain samples by Alcon. Please provide instructions as to the conditions under which the samples are to be produced and to whom.

Please call me if you wish to further discuss arrangements for depositions and, in any event, please confirm whether Allergan will complete its production by March 18, 2005.

Sincerely,

M. Veronica Mullally

cc:    John Shaw

# EXHIBIT E

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001
tel 212-506-5000
fax 212-506-5151
WWW.ORRICK.COM

March 15, 2005

Veronica Mullally, Esq.
212-506-5106
vmullally@orrick.com

**VIA FACSIMILE**

Michael Kane
Fish & Richardson P.C.
3300 Dane Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

     Re:    *Allergan Inc. v. Alcon Inc.*, 04-968-GMS

Dear Michael:

Over the past two months, we have written several letters and have engaged in multiple telephone conferences with you regarding Allergan's failure to produce documents in a timely fashion in this case. During these communications, you have provided multiple explanations for Allergan's failure to produce its documents, from delay by your client to a series of unspecified problems with your various vendors. Moreover, you have made multiple empty promises to produce the documents that Alcon has repeatedly requested. Yet the promised documents do not arrive. For example, you told us just last week that a box of documents would be produced by Friday, March 8th, but that box has still not been produced. Instead, you now promise that the same box of documents will be produced tomorrow.

In my letter to you dated March 10, 2005, I asked for your assurance that Allergan would complete its production to Alcon by March 18, 2005. However, you were unable to provide that assurance and, in our telephone conference of earlier today, you represented that Allergan will not complete its production to Alcon until March 25, 2005.

Allergan's delay in producing its documents has placed Alcon at a serious disadvantage in preparing its case, including preparing for 30(b)(6) depositions and claim charts. We are concerned that Allergan's delay is a strategic tactic to necessitate a request by Alcon for a deviation from the Court's scheduling order. While making a change in the scheduling order is necessary in light of Alcon's persistent delays, we trust that you will be willing to do so by agreement of the parties and without the need for judicial intervention. Alcon proposes that Alcon's claim chart be served not on March 28, 2005, as currently scheduled, but on April 4, 2005 and that the Meet and Confer be moved from April 6, 2005 to April 12, 2005. All other dates in the Scheduling Order would remain the same.



ORRICK

Michael Kane, Esq.
March 15, 2005

Page 2

Please advise us immediately whether Allergan agrees to Alcon's proposed scheduling changes as a way to minimize the prejudice to Alcon caused by Allergan's delay in producing its documents without having to contact Judge Sleet about this matter.

Sincerely,

M. Veronica Mullally

cc:   John Shaw
      Brian Coggio

# EXHIBIT F

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001
tel 212-506-5000
fax 212-506-5151
WWW.ORRICK.COM

April 1, 2005

Veronica Mullally, Esq.
212-506-5106
vmullally@orrick.com

**VIA FACSIMILE**

Michael Kane, Esq.
Fish & Richardson P.C.
3300 Dane Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Re:    *Allergan Inc. v. Alcon Inc.,* 04-968-GMS

Dear Michael:

We have reviewed the documents produced by Allergan to date. The documents do not appear to have been produced in the order in which "they [were] kept in the usual course of business" or "organized and [labeled] to correspond with categories in the request" as required by Fed. R. Civ. P. 34(b). As a result, we cannot identify whether Allergan has produced the files of the inventors of the patents-in-suit and certain other key individuals. Please identify by bates range where the documents from the files of Orest Olejnik, Edward D. S. Kerslake and Amy Batoosingh may be located in Allergan's production.

Furthermore, Allergan's production is deficient in that no documents responsive to the following requests have been produced:

<u>Document Request No. 1</u>

No foreign prosecution history documents have been produced.

<u>Document Request No. 11</u>

No documents have been produced concerning any investigations, tests, studies, evaluations, or reports supporting, contradicting, or relating to the allegation in paragraph 12 of the Complaint that "ALPHAGAN®P is covered by at least one claim of each of the '834 and '337 patents," including but not limited to, tests concerning whether such product contains a solubility enhancing component as that term is used in the patents-in-suit.

O R R I C K

Michael Kane, Esq,
Fish & Richardson P.C.
Page 2
April 1, 2005

Document Request No. 12

No documents have been produced concerning any investigations, tests, studies, evaluations or reports supporting, contradicting or relating to the allegation in paragraph 18 of the Complaint that "[t]he commercial manufacture, use, offer for sale, sale and/or importation of Alcon's Brimonidine Tartrate Ophthalmic Solution 0.15% product will constitute an act of infringement of the '834 patent."

Document Request No. 15

No documents have been produced concerning any investigations, tests, studies, or evaluations conducted by or on behalf of Allergan with respect to Alcon's Brimonidine Tartrate Ophthalmic Solution 0.15% product, including but not limited to, tests concerning whether such product contains a solubility enhancing component as that term is used in the patents-in-suit.

Document Request No. 21

No documents have been produced concerning any investigations, tests, studies, evaluations or reports reflecting any comparison conducted by or on behalf of or otherwise known to Allergan between anionic versus non-ionic and/or cationic polymers and their effect on the solubility of alpha-2-adrenergic agonists, including but not limited to brimonidine or brimonidine tartrate.

Document Request No. 24

No documents have been produced concerning any allegations of invalidity, unenforceability, or non-infringement of any claims of the patents-in-suit.

ORRICK

Michael Kane, Esq,
Fish & Richardson P.C.
Page 3
April 1, 2005

Document Request No. 25

No documents have been produced concerning any notice received by Allergan reflecting the filing of ANDA or section 505(b)(2) application by any entity other than Alcon.

Please produce documents responsive to these requests immediately, or confirm that no such documents exist.

Sincerely,

M. Veronica Mullally

*Veronica Mullally*

cc:   John Shaw
      Brian Coggio

# EXHIBIT G

# O

## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001

*tel* 212-506-5000
*fax* 212-506-5151
WWW.ORRICK.COM

April 13, 2005

Brian D. Coggio, Esq.
212-506-5075
bcoggio@orrick.com

### BY TELEFACSIMILE

### (612) 288-9696

Michael Kane, Esq.
Fish & Richardson P.C.
3300 Dane Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Re:   *Allergan Inc. v. Alcon Inc.*, 04-968-GMS

Dear Michael:

I have reviewed your April 12 letter responding to the concerns expressed in Veronica's April 1 letter. Your letter, however, does not resolve all our questions. First, you state that the inventors did not maintain personal files after the close of the project. Are any of the documents from their files? If so, please specify the bates ranges. In addition, we again request that you identify the bates range of documents, if any, from the files of Amy Batoosingh. Using the format of Veronica's earlier letter, I would also note the following:

### Document Request No. 1

Would you identify by bates numbers the foreign prosecution history documents so that we can be assured that we have located all of such documents in this large production.

### Document Request No. 11

In your letter, you state that "[w]e have also produced documents regarding testing." The request, however, is quite specific and seeks documents regarding tests, if any, that formed the basis of the allegation in paragraph 12 of Allergan's Complaint that ALPHAGAN®P is covered by at least one claim of the '834 and '337 patents. Do such documents exist and, if so, have they been produced?

### Document Request No. 12

This request seeks documents regarding tests, if any, that formed the basis of the allegation in paragraph 18 of Allergan's Complaint that Alcon's proposed brimonidine product infringes. Do such documents exist and, if so, have they been produced?

DOCSNY1:1117035.1
11716-2004 BC9



ORRICK

Michael Kane, Esq,
Page 2
April 13, 2005

## Document Request No. 15

This request seeks documents regarding tests, if any, to investigate whether Alcon's proposed brimonidine product contains a "solubility enhancing component" as that term is used in the patents-in-suit. Do such documents exist and, if so, have they been produced?

## Document Request No. 21

This request seeks documents regarding tests, if any, reflecting comparisons between anionic versus non-ionic and/or cationic polymers and their effect on the solubility of alpha-2-adrenergic agonists. Do such documents exist and, if so, have they been produced?

It would appear that our inquiries regarding Document Request Nos. 24-25 have been resolved.

As you note in your April 12 letter, Allergan has produced 219,649 pages of documents. Although we have reviewed these documents, we are unable to locate any documents responsive to Request Nos. 11, 12, 15, and 21. Thus, to facilitate discovery and avoid needless motion practice, we would request that you respond directly to the above inquiries. If no such documents exist, just say so. If they do exist, but have not been produced, just say so. Lastly, if such documents have been produced, please identify them by bates numbers. That Allergan has "produced documents regarding testing" does not resolve this impasse or properly respond to the enumerated document requests.

Thank you for your cooperation in this regard.

Sincerely,

Brian D. Coggio

c:     John W. Shaw, Esq. (by telefacsimile)
       Veronica Mullally, Esq.

# EXHIBIT H

# EXHIBIT
# REDACTED

# EXHIBIT I

# FISH & RICHARDSON P.C.,P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE**

July 21, 2005

M. Veronica Mullally, Esq.
Orrick, Herrington & Sutcliffe
666 Fifth Avenue
New York, NY 10103-0001

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:   *Allergan, Inc. v. Alcon Laboratories, et al.*
      USDC-D. Del. - Civil Action No. 04-968-GMS

Dear Veronica:

I write in response to your letters of July 12, 2005 and to address Alcon's Third Notice of Deposition of Allergan Pursuant to Fed. R. Civ. P. 30(b)(6).

In my letter to you dated July 6, 2005, Allergan requested that Alcon supplement its response to Interrogatory No. 1. In your first letter dated July 12, you responded by stating that Alcon is still reviewing prior art and will provide its contentions during expert discovery. Allergan is entitled to discovery of prior art on which Alcon intends to rely and to the claim chart sought in its interrogatories before the close of fact discovery. Allergan requests a telephone conference to meet and confer with Alcon on this issue.

In your second July 12 letter, you raised several issues. I will address them in the order that you raised them.

1.    Alcon's 30(b)(6) deposition of Allergan: It was our impression that Dr. Olejnik was designated to testify as to Alcon's topics regarding conception, reduction to practice, and first disclosure. Allergan objected to a witness serving as a 30(b)(6) witness as to contentions on these topics, but never objected to having a witness testify as to the underlying facts. At his deposition, Dr. Olejnik was questioned as to these topics, and it is our understanding that his responses were given in his capacity as a 30(b)(6) witness.

2.    Request for bates ranges: Dr. Olejnik's electronic files were produced at AGN0221014 to 221092. He did not maintain hard copy files. After the conclusion of the brimo-X project, all such files would have been shipped to the records center to be archived with the project.

FISH & RICHARDSON P.C.,P.A.

M. Veronica Mullally, Esq.
July 21, 2005
Page 2

3.   Request for supplementation of Interrogatory No. 5: Allergan does not have
     any additional information to provide as to the specific contributions of the
     inventors. Through discovery, Alcon has obtained all non-privileged
     information that Allergan possesses on this issue. Alcon has already deposed
     both Dr. Kerslake and Dr. Olejnik, the named inventors on the patents-in-suit,
     and asked them about their contributions to the claimed inventions. Allergan
     has also produced all documents concerning the development of the claimed
     invention that are responsive to Alcon's Requests for Production.

4.   Request for production of file histories: Per Alcon's request, on July 18,
     Allergan produced the file histories of the continuation and continuation-in-
     part applications that are derived from the application that issued as the '834
     patent-in-suit.

5.   Alcon's Request for Production No. 9: Allergan believes that it has already
     produced all documents responsive to this Request, and not limited to the date
     of the NDA filing. However, to be certain, Allergan will search again and
     produce any additional responsive non-privileged documents by July 29.

6.   Alcon's Request for Production No. 10: Allergan will search again and
     produce any additional responsive non-privileged documents by July 29.

7.   Alcon's Requests for Production No. 40 and 41: Allergan maintains its
     objections to Alcon's requests that Allergan produce employment records and
     evaluations of the named inventors. In addition to the objections Alcon has
     listed in its letter, Allergan also objected to these Requests on the ground of
     relevance. These documents simply bear no relevance to any issues in this
     litigation.

Finally, on July 12, 2005, Alcon served a third notice of 30(b)(6) deposition of
Allergan containing a single topic. We believe that this topic is not appropriate for a
30(b)(6) deposition. First of all, it seeks information that is protected by the attorney-
client privilege and/or work product doctrine. Second, the breadth of the topic makes
it difficult, if not impossible, to prepare a small number of witnesses,

FISH & RICHARDSON P.C.,P.A.

M. Veronica Mullally, Esq.
July 21, 2005
Page 3

Third, Alcon has already asked questions related to this topic to several Allergan
witnesses. Exactly what type of information are you seeking to discover in the
noticed deposition?

Very truly yours,

Deanna J. Reichel

60305939.doc

# EXHIBIT J

# EXHIBIT
# REDACTED

# EXHIBIT K

# EXHIBIT
# REDACTED

# EXHIBIT L



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001

*tel 212-506-5000*
*fax 212-506-5151*

WWW.ORRICK.COM

April 25, 2005

212-506-5106
vmullally@orrick.com

**VIA FACSIMILE**

Michael Kane, Esq.
Fish & Richardson P.C.
3300 Dane Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Re:     *Allergan Inc. v. Alcon Inc.*, 04-968-GMS

Dear Michael:

I write in response to your letter of April 15, 2005,

Request Nos. 8, 10, 11, 12, 13, 14 and 15: Alcon has produced all responsive documents with the exception of a few additional pages that will be delivered to you by overnight Fed. Ex. for delivery tomorrow.

Requests No. 22 and 23: We have learned from our client that Alcon does not currently have available samples at the ages that Allergan has requested. The only samples of Alcon's proposed product that are currently available are stability batches for which the expiration date (set for two years) expired in December 2004 or in January 2005. If this is acceptable to you, Alcon will provide samples from all such batches.

Request No. 24: No such documents exist.

Requests Nos. 28 and 29: All non-privileged documents have been produced.

Request No. 48: we are still considering this request and will advise you in the near future as to whether we will withdraw our objection to this request. In any event, such information is unrelated to the issues to be raised in the upcoming summary judgment motions.

Request No: 51: Alcon does not yet have any promotional materials for its proposed product.

Further to my letter of April 1, 2005 and Mr. Coggio's letter of April 13, 2005, we are still waiting for you to identify in Allergan's production any documents responsive to Alcon's Document Requests Nos. 11, 12, 15 and 21. These requests refer to specific types of testing and we have been requesting this discovery since November 2004. We need this information in order to prepare



ORRICK

April 25, 2005

properly for the deposition of Edward Kerslake due to take place on April 28, 2005 – only 3 days hence. In your letter of April 12, 2005, you ignored my request to identify any documents responsive to these requests by bates number and stated only that "[Allergan has] also produced documents regarding testing." While Allergan has produced documents regarding some types of testing, no documents responsive to requests 11, 12, 15 and 21 have been produced. Please confirm immediately that no such documents exist.

Furthermore, Allergan has produced no more than a dozen emails in its entire production. Please produce all responsive emails. It is particularly important that the email files of the inventors and Amy Batoosingh are produced immediately since their depositions are upcoming. In addition, Allergan has not yet produced the prosecution history files for the following published patent applications:

US 2004/0214829 A1, published Oct. 28, 2004
US 2004/0219219 A1, published Nov. 4, 2004
US 2005/0026924 A1, published Feb. 3, 2005

each of which is a continuation-in-part from application No. 10/691, 912 which is a continuation of the application which issued as the 834 patent. Please immediately produce these file histories which are responsive to Alcon document Request No.1.

Sincerely,

*Veronica Mullally*

M. Veronica Mullally

cc:    Deanna J. Reichel
       Brian D. Coggio

# EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ALLERGAN, INC., and ALLERGAN SALES, LLC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No: 04-968-GMS

### NOTICE OF DEPOSITION OF OREST OLEJNIK

Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants, Alcon Inc., Alcon Laboratories, Inc. and Alcon Research Ltd. (collectively "Alcon"), by their counsel will take the deposition upon oral examination of Orest Olejnik, Ph. D. at the offices of Orrick, Herrington & Sutcliffe LLP, 4 Park Plaza, Irvine, California 92614-2558, commencing at 9.00 a.m. on April 18, 2005, and continuing thereafter until completed.

The deposition will be transcribed by an officer authorized to administer oaths, and may be recorded by videographic, audiographic, or other means.

Dated: April 11, 2005

Josy W. Ingersoll (No. 1088)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (203) 571-1253

Attorneys for Defendants
Alcon, Inc., Alcon Laboratories, Inc.,
and Alcon Research, Ltd.

Of Counsel:

Daniel J. Thomasch
Brian D. Coggio
M. Veronica Mullally
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
Tel: (212) 506-5000
Fax (212) 506-5151

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire hereby certify that on April 11, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.A.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

I further certify that on April 11, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

BY FEDERAL EXPRESS

Jonathan E. Singer, Esquire
Fish & Richardson, P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Defendants

CM/ECF LIVE - U.S. District Court:ded                                                    Page 1 of 1

## Discovery Documents
1:04-cv-00968-GMS Allergan Inc., et al v. Alcon Inc., et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Ingersoll, Josy entered on 4/11/2005 at 5:54 PM CDT and filed on 4/11/2005

**Case Name:**      Allergan Inc., et al v. Alcon Inc., et al
**Case Number:**    1:04-cv-968
**Filer:**          Alcon Laboratories, Incorporated
                    Alcon Research Ltd.
                    Alcon Inc.

**Document Number:** 50

**Docket Text:**
NOTICE to Take Deposition of Orest Olejnik on April 18, 2005 by Alcon Inc., Alcon Laboratories, Incorporated, Alcon Research Ltd..(Ingersoll, Josy)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/11/2005] [FileNumber=25226-0]
[afb41aad6c97b79848fb0421fc921302990b83cda438ae8a6ef65374345a6895e5efd
b8defaa8f60b062a869f8b0cea863e863a2756ef7c4dbb79edc294a66f8]]

**1:04-cv-968 Notice will be electronically mailed to:**

Josy W. Ingersoll    jingersoll@ycst.com, corporate@ycst.com;cglover@ycst.com;corpcal@ycst.com

Karen Elizabeth Keller    kkeller@ycst.com, corporate@ycst.com;corpcal@ycst.com

William J. Marsden , Jr    marsden@fr.com, manis@fr.com;wsd@fr.com;sub@fr.com;kilby@fr.com

**1:04-cv-968 Notice will be delivered by other means to:**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

<table>
<tr><td>

ALLERGAN, INC., and ALLERGAN
SALES, LLC.,

           Plaintiffs,

v.

ALCON INC., ALCON
LABORATORIES, INC., and ALCON
RESEARCH, LTD.,

           Defendants.

</td>
<td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td>
<td>

Civil Action No: 04-968-GMS

</td></tr>
</table>

### NOTICE OF DEPOSITION OF EDWARD KERSLAKE

Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants, Alcon Inc.,

Alcon Laboratories, Inc. and Alcon Research Ltd. (collectively "Alcon"), by their counsel will

take the deposition upon oral examination of Edward Kerslake at the offices of Orrick,

Herrington & Sutcliffe LLP, 4 Park Plaza, Irvine, California 92614-2558, commencing at 9.00

a.m. on April 19, 2005, and continuing thereafter until completed.

The deposition will be transcribed by an officer authorized to administer oaths, and may

be recorded by videographic, audiographic, or other means.

Dated:  April 11, 2005

_____
Josy W. Ingersoll (No. 1088)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street
Wilmington, Delaware  19801
Tel:  (302) 571-6600
Fax:  (203) 571-1253

Attorneys for Defendants
Alcon, Inc., Alcon Laboratories, Inc.,
and Alcon Research, Ltd.

Of Counsel:

Daniel J. Thomasch
Brian D. Coggio
M. Veronica Mullally
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103
Tel:  (212) 506-5000
Fax  (212) 506-5151

WP3:1102131.1

63534.1001

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire hereby certify that on April 11, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>William J. Marsden, Jr., Esquire
>Fish & Richardson, P.A.
>919 N. Market Street, Suite 1100
>Wilmington, DE 19801

I further certify that on April 11, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

>Jonathan E. Singer, Esquire
>Fish & Richardson, P.A.
>3300 Dain Rauscher Plaza
>60 South Sixth Street
>Minneapolis, MN 55402

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Defendants

## Discovery Documents
1:04-cv-00968-GMS Allergan Inc., et al v. Alcon Inc., et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Ingersoll, Josy entered on 4/11/2005 at 5:55 PM CDT and filed on 4/11/2005

| | |
|---|---|
| Case Name: | Allergan Inc., et al v. Alcon Inc., et al |
| Case Number: | 1:04-cv-968 |
| Filer: | Alcon Laboratories, Incorporated |
| | Alcon Research Ltd. |
| | Alcon Inc. |

**Document Number:** 51

**Docket Text:**
NOTICE to Take Deposition of Edward Kerslake on April 19, 2005 by Alcon Inc., Alcon Laboratories, Incorporated, Alcon Research Ltd..(Ingersoll, Josy)

The following document(s) are associated with this transaction:

Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1079733196 [Date=4/11/2005] [FileNumber=25229-0]
[a02abf584433272654866c908582f52a15a9c421160ca3a5dbd16f8388d5b480c089d
61f7968f78ed3c7cc2a7006e45b2ff13018c94d8ca998c51a3a885d749f]]

**1:04-cv-968 Notice will be electronically mailed to:**

Josy W. Ingersoll    jingersoll@ycst.com, corporate@ycst.com;cglover@ycst.com;corpcal@ycst.com

Karen Elizabeth Keller    kkeller@ycst.com, corporate@ycst.com;corpcal@ycst.com

William J. Marsden , Jr    marsden@fr.com, manis@fr.com;wsd@fr.com;sub@fr.com;kilby@fr.com

**1:04-cv-968 Notice will be delivered by other means to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., and ALLERGAN SALES, LLC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No: 04-968-GMS

## NOTICE OF DEPOSITION OF AMY BATOOSINGH

Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants, Alcon Inc., Alcon Laboratories, Inc. and Alcon Research Ltd. (collectively "Alcon"), by their counsel will take the deposition upon oral examination of Amy Batoosingh at the offices of Orrick, Herrington & Sutcliffe LLP, 4 Park Plaza, Irvine, California 92614-2558, commencing at 9.00 a.m. on April 20, 2005, and continuing thereafter until completed.

The deposition will be transcribed by an officer authorized to administer oaths, and may be recorded by videographic, audiographic, or other means.

63534.1001

Dated:  April 11, 2005

_____

Josy W. Ingersoll (No. 1088)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Tel:  (302) 571-6600
Fax:  (203) 571-1253

Attorneys for Defendants
Alcon, Inc., Alcon Laboratories, Inc.,
and Alcon Research, Ltd.

Of Counsel:

Daniel J. Thomasch
Brian D. Coggio
M. Veronica Mullally
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103
Tel:  (212) 506-5000
Fax  (212) 506-5151

WP3:1102129.1

63534 1001

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire hereby certify that on April 11, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.A.
> 919 N. Market Street, Suite 1100
> Wilmington, DE 19801

I further certify that on April 11, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

> Jonathan E. Singer, Esquire
> Fish & Richardson, P.A.
> 3300 Dain Rauscher Plaza
> 60 South Sixth Street
> Minneapolis, MN 55402

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Defendants

## Discovery Documents
1:04-cv-00968-GMS Allergan Inc., et al v. Alcon Inc., et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Ingersoll, Josy entered on 4/11/2005 at 5:51 PM CDT and filed on 4/11/2005

Case Name:          Allergan Inc., et al v. Alcon Inc., et al
Case Number:        1:04-cv-968
Filer:              Alcon Laboratories, Incorporated
                    Alcon Research Ltd.
                    Alcon Inc.
Document Number: 49

Docket Text:
NOTICE to Take Deposition of Amy Batoosingh on April 20, 2005 by Alcon Inc., Alcon Laboratories, Incorporated, Alcon Research Ltd..(Ingersoll, Josy)

The following document(s) are associated with this transaction:

Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1079733196 [Date=4/11/2005] [FileNumber=25223-0]
[1229af59e4b94280929ff5d48398881c2149b6df7ac76dd216b40e4f8c34b4b2db900
4d5b5939c653f2a5701bf89ed0a5dd8244a1433861876b065b1c8baee9e]]

**1:04-cv-968 Notice will be electronically mailed to:**

Josy W. Ingersoll    jingersoll@ycst.com, corporate@ycst.com;cglover@ycst.com;corpcal@ycst.com

Karen Elizabeth Keller    kkeller@ycst.com, corporate@ycst.com;corpcal@ycst.com

William J. Marsden , Jr    marsden@fr.com, manis@fr.com;wsd@fr.com;sub@fr.com;kilby@fr.com

**1:04-cv-968 Notice will be delivered by other means to:**

# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------X

ALLERGAN, INC., and ALLERGAN

SALES, LLC

       Plaintiffs,

         v.          CA No. 04-968-GMS

ALCON, INC., ALCON LABORATORIES,

INC., and ALCON RESEARCH, LTD.

       Defendants.

------------------------------X

**ORIGINAL**

        VIDEOTAPED DEPOSITION of EDWARD D.

S. KERSLAKE, Ph.D., a witness called by counsel for

the Defendant, taken under the provisions of the

Federal Rules of Civil Procedure, before Jill K.

Ruggieri, Registered Merit Reporter, Certified

Realtime Reporter and Notary Public, at the offices

of Fish & Richardson, 225 Franklin Street, Boston,

Massachusetts, taken on Thursday, April 28, 2005,

commencing at 9:45 a.m.



**David Feldman**
W o r l d w i d e

805 Third Avenue, 8th Floor  |  New York, NY 10022  |  Main: (212) 705-8585  |  Fax: (212) 705-8552

137

EDWARD D. S. KERSLAKE, Ph.D.

1

2       invention is.  They're asking me to define what an

3       invention is.  Wouldn't that be the job of a patent

4       attorney?

5                    The patents were written after I had

6       left the company.

7            Q    And the patents -- did you see the claims

8       that were written?

9            A    Yes, I saw the patents.

10           Q    Did you believe you to be a co-inventor

11      on those patents?

12           A    Yes.

13           Q    Did you feel that you had made a

14      substantial contribution to all of the claims that

15      were originally submitted or simply some of them?

16                    MR. KANE:  Objection to the form of

17      the question.

18                    Go ahead.

19           A    I can't remember.

20           Q    What is the viscosity agent in the

21      Alphagan P formulation?

22           A    We have an agent that has two actions.

23      Sodium CMC is working to modify the viscosity,

24      which also works as solubility enhancing compound.

25           Q    And you called that CMC?

139

1          EDWARD D. S. KERSLAKE, Ph.D.

2     Q    Do you know whether you did any

3  side-by-side testing of compositions with polyvinyl

4  alcohol versus compositions with CMC?

5     A    Again, I can't remember.

6     Q    Did you personally keep any lab

7  notebooks?

8     A    I have over the course of time at

9  Allergan; but specifically on this project, I don't

10 think so.

11          I relied on -- I think Angel Padilla

12 made most of the documentation.

13          MR. THOMASCH:  I ask the reporter to

14 mark as our next exhibit a notebook bearing the

15 Bates numbers AGN0066777 through and including

16 AGN0066918.

17          (Exhibit No. 17 marked for

18 identification.)

19 BY MR. THOMASCH:

20    Q    Dr. Kerslake, I show you what's been

21 marked as Exhibit 17 of this date.

22          I ask you whether you can identify

23 that as an Allergan laboratory notebook or a

24 photocopy of the same, obviously.

25    A    Yes.

188

                    EDWARD D. S. KERSLAKE, Ph.D.

1

2        A    Can you repeat the question?

3        Q    Yes.

4             As you sit here today, having read

5   claim 1, as the co-inventor, do you know how you

6   would go about determining whether a particular

7   component was a solubility enhancing component, as

8   called for by claim 1 of the '337 patent?

9        A    I don't know.

10       Q    Do you know whether polyvinyl alcohol is

11  a solubility enhancing component, as called for in

12  claim 1 of the '337 patent?

13            MR. KANE:  I'll object to the form of

14  the question.

15       Q    I'm sorry, your answer?

16       A    I don't know.

17            MR. THOMASCH:  Are we close on the

18  tape?

19            Why don't we take a break for the

20  tape.  Why don't we take a short break, and let me

21  see where we're going.

22            THE VIDEOGRAPHER:  The time

23  3:10 p.m., and this marks the end of Tape No. 2 of

24  the deposition of Edward Kerslake.

25            (Recess.)

# EXHIBIT O

Mullally, Veronica

| | |
|---|---|
| From: | Michael Kane [kane@fr.com] |
| Sent: | Wednesday, April 20, 2005 12:54 PM |
| To: | Brian Coggio; Veronica Mullally |
| Subject: | Depo Dates |

Brian and Veronica,

This is to confirm the deposition dates we have agreed upon.  Mr. Kerslake will be deposed on April 28 at F&R's offices in Boston.  Ms. Batoosingh and Mr. Olejnik will be deposed on May 11 and May 18 respectively in California at the following offices:

Gibson, Dunn & Crutcher, LLP
4 Park Plaza, 17th Floor
Irvine, CA  92614

We would like to start all of the depositions at 9 am.  Let me know if you have any questions.

Michael J. Kane
Intellectual Property Attorney
~ Fish & Richardson P.C., P.A.       www.fr.com
3300 Dain Rauscher Plaza             tel (612)337-2502
60 South Sixth Street                fax (612)288-9696
Minneapolis, Minnesota 55402         kane@fr.com

This e-mail message is intended for the sole use of the intended recipient(s) and may contain information that is confidential, privileged and/or attorneys' work product.  Any review or distribution by any other person is prohibited.  If you are not an intended recipient, please immediately contact the sender and delete all copies.

# EXHIBIT P

## Mullally, Veronica

| | |
|---|---|
| **From:** | Michael Kane [kane@fr.com] |
| **Sent:** | Monday, May 09, 2005 3:08 PM |
| **To:** | Mullally, Veronica |
| **Cc:** | Thomasch, Daniel J.; Coggio, Brian D. |
| **Subject:** | RE: Depo Dates |

Thanks. I ask for additional dates of Olejnik and the others you mention (including Padilla).

---

**From:** Mullally, Veronica [mailto:vmullally@orrick.com]
**Sent:** Monday, May 09, 2005 2:03 PM
**To:** Michael Kane
**Cc:** Thomasch, Daniel J.; Coggio, Brian D.
**Subject:** RE: Depo Dates

Mike - you can go ahead and release the May 24th and 25th dates -- those dates do not work for us. Thus, we will need alternative dates of availability for Olejnik, Batoosingh and Ambrus.

Thanks

M. Veronica Mullally, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Ave.
New York
NY 10103-0001

voice: 212-506-5106
fax:   212-506-5151

www.orrick.com

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
http://www.orrick.com

8/17/2005