IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., and ALLERGAN SALES, LLC., <br><br> Plaintiffs, <br><br> v. <br><br> ALCON INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No: 04-968-GMS |

## ALCON'S RESPONSE TO ALLERGAN'S PROVISIONAL MOTION TO AMEND THE SCHEDULING ORDER

Defendants Alcon, Inc., Alcon Laboratories, Inc., and Alcon Research, Ltd. (together, "Alcon") submit this response in opposition to the "provisional motion" to amend the Scheduling Order filed by Allergan, Inc. and Allergan Sales, LLC (together, "Allergan"). (D.I. 117.)[1]

Allergan's "provisional motion" is premature on its face, and its arguments reflect that it is primarily a vehicle intended to provide Allergan with a mechanism for putting in the "last word" on Alcon's pending motion for leave to amend its answer. (D.I. 107.) Briefing on that motion is complete, and should not be continued under the guise of a "provisional motion."

---

[1] Allergan's Provisional Motion to Amend the Scheduling Order was filed electronically on August 9, 2005, and was not served by hand. Accordingly, this statement has been filed within the time prescribed by Fed. R. Civ. P. 6(e) and section E(5) of the Court's February 8, 2005 order, regarding electronic case filing policies and procedures, the effect of which extended Alcon's time to file this statement until and including, August 26, 2005.

Accordingly, the Court should deny Allergan's motion as premature and improper.

Plaintiffs' "provisional motion" is meritless for two additional reasons. First, Allergan already possesses complete knowledge of why it chose to make the misleading arguments it made to the PTO, why it failed to disclose the prior art references identified in the proposed amended answer, and why it identified Drs. Olejnik and Kerslake as the inventors of the late-added claims concerning 0.15% brimonidine tartrate, despite neither even possessing knowledge of the genesis of that alleged invention. These facts only became known to Alcon through discovery, but are all inherently within the knowledge of Allergan. Thus, discovery of Alcon is not needed for Allergan to defend against the new matters raised in the proposed amended answer. Second, even if some discovery were required, there is no need to alter the trial schedule in this case, as would be the effect of Allergan's motion. Alcon's summary judgment motion is fully briefed and pending; Allergan has elected not to file any summary judgment motion; and the next court date on the Scheduling Order is not until January 9, 2006, when the Final Pretrial Order and motions-in-limine are due. Certainly, there are no circumstances presented by Allergan's "provisional motion" that would justify a delay in that date, or in the scheduled March 6, 2006 trial date.

Delay is not a neutral circumstance in this case. It benefits Allergan and would prejudice Alcon, whose tentatively approved new drug product is being kept off the market today only by virtue of this litigation. A prompt trial to decide this case on the merits is in the public interest, as lower cost drugs should not be rendered unavailable through the assertion of invalid and unenforceable patents.

For the foregoing reasons, Alcon respectfully requests that plaintiffs' provisional motion to amend the Scheduling Order be denied.

Respectfully submitted,

*/s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
Email: jshaw@ycst.com

Attorneys for defendants
Alcon, Inc., Alcon Laboratories Inc.,
and Alcon Research, Ltd.

OF COUNSEL:

Daniel J. Thomasch
Brian D. Coggio
M. Veronica Mullally
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

Dated: August 25, 2005

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire hereby certify that on August 26, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>William J. Marsden, Jr., Esquire
>Fish & Richardson, P.A.
>919 N. Market Street, Suite 1100
>Wilmington, DE 19801

I further certify that on August 26, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above captioned individual and upon the following non-registered participants in the manner indicated:

**BY FEDEX**

>Jonathan E. Singer, Esquire
>Fish & Richardson, P.A.
>3300 Dain Rauscher Plaza
>60 South Sixth Street
>Minneapolis, MN 55402

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Karen E. Keller_
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Defendants