IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALLERGAN, INC., ALLERGAN SALES,
LLC,

        Plaintiffs,

      v.

ALCON, INC., ALCON
LABORATORIES, INC., and
ALCON RESEARCH, LTD.,

        Defendants.

C.A. No. 04-968-GMS

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' PROVISIONAL
MOTION TO AMEND THE SCHEDULING ORDER**

Dated: September 2, 2005

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (marsden@fr.com)
Sean P. Hayes (hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Jonathan E. Singer
Michael J. Kane
Deanna J. Reichel
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

Juanita Brooks
W. Chad Shear
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

Attorneys for Plaintiffs
Allergan, Inc. and Allergan Sales, LLC

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    THE PREJUDICE TO ALLERGAN IS OBVIOUS ..............................................2

II.   ALLERGAN HAS SHOWN "GOOD CAUSE" TO AMEND
      THE SCHEDULING ORDER IN THE EVENT THE COURT
      ALLOWS ALCON TO AMEND ITS ANSWER .................................................5

III.  ALLERGAN'S PROVISIONAL MOTION IS NOT
      "PREMATURE AND IMPROPER" ....................................................................6

IV.   CONCLUSION.......................................................................................................6

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page(s)**</u>

### CASES

*Advanced Medical Optics, Inc. v. Alcon, Inc.,*
    361 F. Supp. 2d 404 (D. Del. 2005) ..................................................................1, 3, 4

*Bayer Healthcare LLC v. Abbott Laboratories,*
    C.A. No. 03-189-GMS, 2004 WL 2862267 (D. Del. Dec. 10, 2004) ..........................4

*Glaxo Group Ltd. v. Kali Laboratories, Inc.,*
    No. Civ.A.03 CV 399 JLL, 2005 WL 1793728 (D.N.J. Jul. 27, 2005) ........................4

*Gonzales v. Comcast Corp.,*
    C.A. No. 03-445-KAJ, 2004 WL 2009366 (D. Del. Aug. 25, 2004) ............................5

*Hickman v. Taylor,*
    329 U.S. 495 (1947) .....................................................................................................1

*Johnson & Johnson Associate, Inc. v. R.E. Service Co.,*
    No. C 03-2549 SBA, 2005 WL 289978 (N.D. Cal. Feb 04, 2005) ..............................4

*Symbol Tech., Inc. v. Proxim Inc.,*
    C.A. No. 01-801-SLR, 2003 WL 1905637 (D. Del. April 17, 2003) ...........................4

*Tenneco Automobile Operating Co., Inc. v. Visteon Corp.,*
    375 F. Supp. 2d 366 (D. Del. 2005) ............................................................................4

*United States v. Procter & Gamble Co.,*
    356 U.S. 677 (1958) .....................................................................................................1

### STATUTES

Fed. R. Civ. P. 15(b) .........................................................................................................4

Alcon's opposition to Allergan's provisional motion to amend the scheduling order amply demonstrates the reasons why Alcon's motion to amend its answer should be denied in the first place. According to Alcon, Allergan does not need discovery regarding Alcon's proposed inequitable conduct, "unclean hands," and improper inventorship defenses, (D.I. 123, at 3; D.I. 126, at 2.)[1], because Alcon could have waited until trial to raise these defenses and then simply have moved to "conform[] the pleadings to the evidence." (D.I. 123, at 3.)

This is sophistry. That the purpose of the discovery process under the Federal Rules of Civil Procedure is to "make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent"[2] is entirely lost on Alcon. Throughout the course of this litigation, Alcon has consistently tried to deny Allergan the ability to rebut its arguments by 1) moving for summary judgment on previously undisclosed arguments[3]; 2) making new arguments on reply[4];

---

[1]   Alcon addresses and opposes Allergan's provisional motion to amend the scheduling order in both Alcon's Reply Brief in Further Support of its Motion for Leave to Amend its Answer (D.I. 123, at 3, 11-14) and Alcon's Response to Allergan's Provisional Motion to Amend the Scheduling Order (D.I. 126).

[2]   *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682-83 (1958); *see also Hickman v. Taylor*, 329 U.S. 495, 500 (1947) (With the Federal Rules of Civil Procedure, "[t]he way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial.").

[3]   *See* D.I. 93 (Order striking argument in Alcon's summary judgment brief as outside the scope of issues for which it received permission to move for summary judgment).

[4]   *See id.* (striking argument raised by Alcon for the first time on reply); *see also Advanced Medical Optics, Inc. v. Alcon, Inc.*, 361 F. Supp. 2d 404, 418 n.8 (D. Del. 2005) (refusing to consider Alcon's arguments raised for the first time on reply). In this regard, we note that much of the argument in Alcon's Reply Brief in Further Support of its Motion for Leave to Amend its Answer (D.I. 123), which is 14 pages long (not including the accompanying 7 page fact declaration), should have been raised in its opening motion (D.I. 107), which is just 3 pages long and did not include a supporting brief. *See* Local Rule 7.1.3(c)(2). Allergan did not have an opportunity to respond to the arguments raised by Alcon on reply, including (1) that the deadline to amend pleadings set in the scheduling order did not apply to Alcon's proposed amendments; and (2) that Allergan is to blame for Alcon's eleventh-hour motion to amend. Allergan of course disputes both points and, to the extent the Court is inclined to consider them, would be happy to address them at oral argument.

and 3) now, attempting to deprive Allergan of discovery into Alcon's newly raised defenses. This latest attempt, like the others, should be rejected outright. But in the event the Court grants Alcon's untimely motion to amend its answer, the scheduling order should also be amended to allow Allergan a fair opportunity to probe and challenge Alcon's new defenses.

## I.    THE PREJUDICE TO ALLERGAN IS OBVIOUS

Given that written fact discovery is now closed, fact depositions are nearly completed, the deadline for Allergan to seek permission to file a summary judgment motion has passed, and opening expert reports are due soon, it is obvious that Allergan would be prejudiced if Alcon is allowed to raise its proposed defenses at this stage. In spite of this, Alcon argues that Allergan has "provide[d] no indication as to what information it would hope to gather from Alcon" regarding Alcon's proposed new defenses if given the opportunity. (D.I. 123, at 11.) Allergan did so, however, by pointing out the shortcomings of Alcon's proposed amended answer, which, despite its length, does not cite any evidence or provide anything but conclusory allegations for most of the essential elements of Alcon's proposed defenses. (*See* D.I. 115, at 10-13.)

For example, the proposed amended answer identifies some (though apparently not all[5]) of the references Alcon intends to rely on for its inequitable conduct defenses, but provides only conclusory allegations that the references were material to patentability, that those with a duty to disclose the references knew of them, and that those who allegedly withheld them did so with the intent to deceive the Patent Office. (*See* D.I. 107, Ex. A, at ¶¶ 73-80.) Similarly, Alcon identifies some of the "misrepresentations" and "omissions" it intends to rely on, but with regard to many of them does not explain why they are false, why they should have been disclosed, why they

---

[5]  Alcon's inequitable conduct defenses are based on "misrepresentations and/or omissions of material facts . . . including, but not limited to" those specifically recited in Alcon's proposed amended answer. (D.I. 107, Ex. A, at ¶¶ 70-72.)

2

were material to patentability, or why it claims the individuals involved intended to deceive the Patent Office. (*See id.*) Allergan should have the opportunity to take discovery regarding Alcon's bases (or lack thereof) for making these allegations.

Alcon focuses on the declaration of Dr. Orest Olejnik and the misjoinder defense in its briefing, and does not mention that its proposed amended answer alleges, by Allergan's count, more than a dozen other "omissions" and "misrepresentations." Allergan needs discovery on each of these issues, and the conclusory allegations in Alcon's proposed amended answer are not nearly sufficient. In any event, it is not for Alcon to decide what discovery Allergan needs to prepare its case. Alcon should not be allowed to escape the scrutiny of the discovery process and have its defenses go unchallenged by waiting until the last minute to raise them.

With regard to expert discovery, Alcon assures the Court that it "will not rely on patent law experts at a trial of either the inequitable conduct claims or the misjoinder claim, and thus no additional expert witnesses will be required of Allergan by virtue of this amendment." (D.I. 123, at 12.) But Alcon has apparently not disclaimed the use of technical experts as opposed to "patent law experts" in connection with its proposed defenses. In any event, Allergan should have the opportunity to rely on experts where appropriate regardless of what Alcon's intentions are.

Alcon's claim that it does not matter that the summary judgment deadline has passed because "it is unfathomable that Allergan could demonstrate that it is entitled to summary judgment in this case, where many of Alcon's allegations concern Dr. Olejnik's declaration" is similarly specious. (*Id.*) That Alcon believes it is "unfathomable" that its defenses could possibly be subject to summary judgment is no basis for denying Allergan the opportunity to even raise the issue. Moreover, that Alcon would even make this argument demonstrates the brazenness of its strategy—1) move to amend the pleadings to add defenses after the summary judgment deadline has passed; 2) avoid discovery on the defenses (because the discovery deadline has passed); and, then, 3) claim there is no

3

prejudice because summary judgment could not possibly be granted because the pleading states a one-sided—and because there has been no discovery, unchallenged—view of the world.

On the contrary, because they are so highly disfavored, inequitable conduct defenses are often disposed of on summary judgment. For example, this Court recently granted summary judgment of no inequitable conduct in *Bayer Healthcare LLC v. Abbott Lab.*, C.A. No. 03-189-GMS, 2004 WL 2862267, *3 (D. Del. Dec. 10, 2004), and even more recently in *Tenneco Auto. Operating Co., Inc. v. Visteon Corp.*, 375 F.Supp.2d 366, 375 (D. Del. 2005).[6] And if the bare allegations in Alcon's proposed amended answer are all Alcon has—which Allergan believes strongly to be the case—Alcon's proposed defenses would indeed be subject to summary judgment.[7]

Finally, Alcon's argument that it could have waited until trial to raise its proposed defenses and then simply have moved to conform the pleadings to the evidence is absurd. If Alcon had sprung its new defenses at trial, Allergan certainly would have objected to it and most certainly could have shown prejudice. *See* Fed. R. Civ. P. 15(b). Would Alcon believe it appropriate for Allergan to "move to amend the pleadings to conform to the evidence" if the evidence obtained during discovery showed that Alcon infringed a different unasserted patent of Allergan? Of course it wouldn't. And that Alcon believes it would have been justified in raising these allegations (which Alcon calls "factually

---

[6]  *See also, Glaxo Group Ltd. v. Kali Lab., Inc.*, C.A. No. 03 CV 399 JLL, 2005 WL 1793728, *7 (D.N.J. Jul. 27, 2005); *Johnson & Johnson Assoc., Inc. v. R.E. Service Co.*, No. C 03-2549 SBA, 2005 WL 289978, *6 (N.D. Cal. Feb 04, 2005).

[7]  Alcon cites *Symbol Tech., Inc. v. Proxim Inc.*, .C.A. No. 01-801-SLR, 2003 WL 1905637 (D. Del. April 17, 2003), in which the court allowed a late amendment to add an inequitable conduct claim. But even in that case, where the proposed amendment was "narrow and largely based on facts defendant has known throughout the case," the court allowed the plaintiff discovery regarding the defense. *Id.* at *3.

intense"[8]) at trial shows just how indifferent Alcon is to the prejudice its last minute maneuvering causes its litigation opponents.

## II.    ALLERGAN HAS SHOWN "GOOD CAUSE" TO AMEND THE SCHEDULING ORDER IN THE EVENT THE COURT ALLOWS ALCON TO AMEND ITS ANSWER

Allergan obviously could not have obtained discovery, consulted with its experts, or moved for summary judgment on Alcon's proposed new defenses until Alcon raised them.  And by the time Alcon finally did raise them, Allergan could not reasonably have met the deadlines set in the scheduling order.  Allergan has therefore established "good cause" to amend the scheduling order in the event that Alcon's motion to amend its answer is granted.  *See Gonzales v. Comcast Corp.*, C.A. No. 03-445-KAJ, 2004 WL 2009366, *1 (D. Del. Aug. 25, 2004).  Nothing in Alcon's briefing shows otherwise.[9]

Alcon contends that, even if Allergan does need discovery, there is no need to delay this case, since "Alcon's summary judgment motion is fully briefed and pending," "Allergan has elected not to file any summary judgment motion," and the Final Pretrial Order and motions-in-limine are not due until January 9, 2006.  (D.I. 126, at 2.)  Of course, Alcon's summary judgment motion might not be granted (and might not be case-dispositive if it is), and Allergan elected not to file a summary judgment motion on Alcon's previously raised defenses, not the ones it seeks to raise now.  Moreover, if Allergan is properly allowed discovery into the new defenses and expert and summary judgment deadlines are extended accordingly, Allergan fails to see how the rest of the dates in the scheduling order could remain unchanged.  By the time fact and expert

---

[8]    (D.I. 123, at 13 n.5.)

[9]    Alcon attempts to blame Allergan for its own delay in raising the proposed defenses by arguing that Allergan took too long to produce documents.  (*See* D.I. 123, at 5-8.)  Alcon cannot dispute, however, that it has had the prosecution histories of the patents from the outset of this case or that Allergan's document production was all but completed by late March.  Yet Alcon waited several months to take depositions and then add these new defenses at the end of fact discovery.

5

discovery are completed and the summary judgment deadline has passed, the trial date would be upon us.

Alcon accuses Allergan of trying to "gain an advantage by postponing trial." (D.I. 123, at 12.) It is not. Alcon is the one derailing this case by trying to add new defenses at this late stage. Allergan, on the other hand, is entirely justified in seeking discovery regarding the new defenses. If Alcon's late amendment is accommodated, it should not be at Allergan's expense.

## III.   ALLERGAN'S PROVISIONAL MOTION IS NOT "PREMATURE AND IMPROPER"

Finally, Alcon contends that Allergan's provisional motion is "premature and improper," apparently because the Court has not ruled yet on Alcon's motion to amend its answer. It is entirely reasonable, however, for Allergan to bring its motion to amend the scheduling order in parallel with Alcon's motion to amend its answer, since the two motions are directly related. If Allergan had waited to bring its motion until after Alcon's motion was decided, and the Court granted Alcon's motion, it would only have delayed the case further, since Allergan could not take the discovery it seeks until the scheduling order is amended.

## IV.   CONCLUSION

For the foregoing reasons and those identified in Allergan's provisional motion, Allergan respectfully requests that the Court grant Plaintiffs' Provisional Motion to Amend the Scheduling Order (D.I. 117) in the event the Court grants Alcon's Motion for Leave to Amend its Answer (D.I. 107).

6

Dated:  September 2, 2005                FISH & RICHARDSON P.C.


By: _____
    William J. Marsden, Jr. (marsden@fr.com)
    Sean P. Hayes (hayes@fr.com)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Telephone:  (302) 652-5070

    Jonathan E. Singer
    Michael J. Kane
    Deanna J. Reichel
    3300 Dain Rauscher Plaza
    60 South Sixth Street
    Minneapolis, MN  55402
    Telephone:  (612) 335-5070

    Juanita Brooks
    W. Chad Shear
    12390 El Camino Real
    San Diego, CA 92130
    Telephone: (858) 678-5070

    Attorneys for Plaintiffs
    ALLERGAN, INC. and ALLERGAN SALES, LLC

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2005, I electronically filed the attached

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' PROVISIONAL

MOTION TO AMEND THE SCHEDULING ORDER with the Clerk of Court using

CM/ECF which will send notification of such filing(s) to the following:

**BY HAND**
Josy W. Ingersoll
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391

I hereby certify that on September 2, 2005, I have sent via Federal Express, the

document(s) to the following non-registered participants:

Brian D. Coggio, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001


William J. Marsden, Jr.

80026827.doc

1