IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>       Plaintiffs,<br><br>   v.<br><br>ALCON, INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD.,<br><br>       Defendants. | Civil Action No. 04-968-GMS |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ALCON FROM OFFERING ANY EVIDENCE OR THEORY THAT IT DOES NOT INFRINGE THE '834 PATENT**

**I.    INTRODUCTION**

In response to interrogatories, Alcon's sole proffered non-infringement defense of the '834 patent was based *entirely* on a claim construction argument that the '834 patent "should be construed as requiring an anionic solubility enhancing component." Alcon did not present this argument to the Court during the Markman process and thus waived its only non-infringement defense. Alcon never supplemented its interrogatory response and none of its experts expressed any opinion that Alcon did not infringe the '834 patent. Alcon's failure to amend its interrogatory answer and its experts' failure to opine on non-infringement is simply a reflection of the unassailable fact that Alcon's proposed formulation *will* infringe the '834 patent. Therefore, Alcon should be precluded from presenting evidence or testimony that it does not infringe the '834 patent.

**II.   ARGUMENT**

    **A.    Legal Standard**

Rule 26(e)(2) requires a party to supplement its interrogatory response if the response is in some way incomplete or incorrect.

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2); *Honeywell Intern., Inc. v. Hamilton Sundstrand Corp.*, 166 F. Supp. 2d 1008 (D. Del. 2001) *affirmed-in-part, vacated and remanded in unrelated part by* 370 F.3d 1131 (Fed. Cir. 2004) (en banc) (excluding evidence from trial under Rule 37 for failure to comply with discovery requests).

As established in *Honeywell,* Rule 37 establishes as automatic the sanction of exclusion of evidence not disclosed pursuant to Rule 26(e)(2) unless the non-compliant party can show that its failure to provide timely disclosure was either substantially justified or harmless.

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(C)(1); *Pfizer Inc. v. Ranbaxy Laboratories Ltd.*, 2005 WL 3525681, *1 (D. Del. 2005) (excluding expert testimony regarding issues not addressed in the expert's report); *Yeti by Molly Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the requirements of Fed. R. Civ. P. 26(a)(2)(C)] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.")  Alcon should be prevented from offering testimony or evidence regarding theories not expressed in its responses to Allergan's interrogatories.

     **B.    Alcon should be precluded from offering testimony or evidence that it does not infringe the '834 patent.**

In response to Allergan's interrogatory requesting Alcon to fully explain any reason it believed that it did not infringe the patents-in-suit, the only non-infringement theory offered by Alcon for the '834 patent was based entirely on a claim construction argument. Specifically, Alcon alleged in its response that the claims of the '834 patent should all be construed to include an "anionic solubility enhancing component." [Declaration of William J. Marsden submitted herewith, Ex. 2, Alcon's Response to Allergan's Interrogatory No. 2] Alcon, however, chose not to advance that claim construction to the Court and, therefore, has waived that argument. Beyond its interrogatory response, Alcon has never provided any other explanation as to how its proposed product does not infringe the '834 patent and it has never supplemented that response. Because the only non-infringement theory that it ever proffered was based on a claim construction that it never advanced, Alcon should be precluded from offering testimony or evidence that it does not infringe the '834 patent.

## III.    CONCLUSION

For the foregoing reasons, Alcon should be precluded from offering testimony or evidence that it does not infringe the '834 patent.

Dated: January 8, 2006        FISH & RICHARDSON P.C.


By:   */s/ William J. Marsden, Jr.*
     William J. Marsden, Jr. (marsden@fr.com)
     Sean P. Hayes (hayes@fr.com)
     919 N. Market Street, Suite 1100
     P.O. Box 1114
     Wilmington, DE 19899-1114
     Telephone: (302) 652-5070

     Jonathan E. Singer
     Michael J. Kane
     Deanna J. Reichel
     3300 Dain Rauscher Plaza
     60 South Sixth Street
     Minneapolis, MN 55402
     Telephone: (612) 335-5070

     Juanita Brooks
     W. Chad Shear
     12390 El Camino Real
     San Diego, CA 92130
     Telephone: (858) 678-5070

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN SALES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2006, I electronically filed with the Clerk of Court PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ALCON FROM OFFERING ANY EVIDENCE OR THEORY THAT IT DOES NOT INFRINGE THE '834 PATENT using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

Josy W. Ingersoll
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391


I hereby certify that on January 9, 2006, I have mailed by Federal Express, the document(s) to the following non-registered participants:

Veronica Mullally
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001


                                                 /s/ William J. Marsden, Jr.
                                                 William J. Marsden, Jr. (#2247)

10585524 - Non-Inf MIL.doc