IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN SALES, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ALCON, INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD.,<br><br>　　　　　Defendants. | Civil Action No. 04-968-GMS |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ALCON FROM PRESENTING PRIOR ART NOT RELIED ON OR EXPLAINED BY ALCON'S EXPERTS**

**I.　INTRODUCTION**

Allergan moves for an order that Alcon be limited to presenting the prior art that is discussed satisfactorily in its experts' reports and nothing further. In response to interrogatories, Alcon listed over 70 prior art references that it erroneously believes call into question the validity of the patents in suit. However, its experts only mentioned 14 specific references and of those 14, the statements regarding five of the references are so conclusory as to be legally irrelevant.

Because Allergan has not yet seen Alcon's Proposed Findings of Fact and Conclusions of Law, Allergan does not know what Alcon may attempt to prove at trial. Allergan brings this motion out of an abundance of caution to limit Alcon to the prior art references explicitly and sufficiently discussed in its experts' reports and no further.

**II.　ARGUMENT**

　　**A.　Legal Standards**

Parties are required by the Federal Rules to timely disclose written reports for expert witnesses. "The report shall contain a *complete* statement of *all* opinions to be

expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions….ced" Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).  The report must be sufficiently complete and detailed to "minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial."  *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico.*, 248 F.3d 29, 35 (1st Cir. 2001) (precluding a party from offering expert testimony at trial as a sanction for an incomplete expert report); see also *Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) (stating that Rule 26(a) is designed "so as to shorten or decrease the need for expert depositions and thus to conserve resources.").  Expert reports must also include a description of "'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinion."  *Salgado*, 150 F. 3d at 741 n.6 (emphasis added); see also *Campbell v. McMillin*, 83 F. Supp. 2d 761, 765 (S.D. Miss. 2000) (excluding expert witness because his report failed to provide any basis or reasoning for his opinions and lacked any data or information relied upon to form such opinions). Additionally, Rule 26(e)(1) requires that a party is under a duty to supplement its expert report if it learns that the information disclosed is in some material respect incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1).

     Rule 37 establishes as automatic the sanction of exclusion of evidence not disclosed pursuant to Rule 26(a)(2) unless the non-compliant party can show that its failure to provide timely disclosure was either substantially justified or harmless.  Fed. R. Civ. P. 37(C)(1);  *Pfizer Inc. v. Ranbaxy Laboratories Ltd.*, 2005 WL 3525681, *1 (D. Del. 2005) (excluding expert testimony regarding issues not addressed in the expert's report); *Yeti by Molly Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the requirements of Fed. R. Civ. P. 26(a)(2)(C)] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that

is not properly disclosed.)" Alcon should be prevented from offering testimony regarding the references not discussed and anything outside of its experts' reports.

      **B.    Alcon's experts should be limited to the opinions expressed in their reports and should be precluded from offering anything further.**

Alcon cannot show that the late addition of any new by one of their experts that was not addressed in their reports is "substantially justified or harmless." Rule 37 precludes Alcon from offering any such testimony at trial. Therefore, this Court should order that Alcon is precluded from offering any opinion of any of its experts that is not expressly set forth in the reports that were served in this case.

      **C.    Alcon should be prohibited from offering any testimony or evidence regarding the prior art references not explicitly and sufficiently discussed in its experts' reports.**

Alcon should be precluded from eliciting testimony from Dr. Amidon or Dr. Robin regarding any reference not explicitly discussed in their respective expert reports. Alcon's interrogatory answer listed over 70 references as potentially invalidating the patents-in-suit. However, Alcon's experts, Drs. Gordon Amidon and Alan Robin explicitly discussed only nine of these references. The references discussed in the reports are:

By Dr. Amidon

- United States Patent No. 5,215,991
- J.L. Greaves, O. Olejnik, and C.G. Wilson, 1992, Polymers and the precorneal tear film, S.T.P. Pharma Sciences, 2:13-33
- BASF August 1993 product brochure for Kollidon
- Handbook of Pharmaceutical Excipients, 1994, 2d ed. (A. Wade & P. Weller, eds), The Pharmaceutical Press, London
- United States Patent No. 5,556,848

By Dr. Amidon and Dr. Robin

- Allergan's Alphagan product

<u>By Dr. Robin</u>

- R. J. Derick, et al., Brimonidine Tartrate: A One-Month Dose Response Study, <u>Ophthalmology</u>, 104 (1997) 131-36
- D. Small, et al. Influence of pH and Buffer Concentration on the Ocular Bioavailability of Opthalmic AGN 191103 Formulations in Albino Rabbits, <u>Int'l J. of Pharmaceutics</u>, 149 (1997) 195-201
- United States Patent No. 5,021,410

As to the remainder of the references cited in Alcon's interrogatory responses, Alcon has not offered any testimony or opinion whatsoever as to how one of skill in the art would interpret these references, how one of skill in the art might combine these references or where that teaching to combine might be found, or how any of these references might invalidate the patents in suit.

Moreover, for five of the references mentioned in Dr. Amidon's reports there is nothing but a conclusory statement that they may be combined with some other reference to invalidate one or more of the claims of the '337 patent. These five references are:

- United States Patent No. 5,091,528
- United States Patent No. 5,776,445
- United States Patent No. 5,834,470
- United States Patent No. 5,663,205
- United States Patent No. 5,212,196

There is no specific explanation as to what the reference discloses and why one of skill in the art would be motivated to combine that teaching or disclosure with some other reference to result in what is claimed in the '337 patent. [Declaration of William J. Marsden, Jr., submitted herewith, Ex. 1, Paragraph 119, pages 47-48]  Because there is not an explanation as to why one of skill in the art would be motivated to combine any of

4

these references with any other, Dr. Amidon and Alcon should be precluded from offering testimony or evidence regarding these references.

## III. CONCLUSION

For the foregoing reasons, Allergan requests an order limiting any testimony by Drs. Amidon or Robin to the references adequately discussed in their reports, as follows:

<u>By Dr. Amidon</u>

- United States Patent No. 5,215,991
- J.L. Greaves, O. Olejnik, and C.G. Wilson, 1992, Polymers and the precorneal tear film, <u>S.T.P. Pharma Sciences</u>, 2:13-33
- BASF August 1993 product brochure for Kollidon
- <u>Handbook of Pharmaceutical Excipients</u>, 1994, 2d ed. (A. Wade & P. Weller, eds), The Pharmaceutical Press, London
- United States Patent No. 5,556,848

<u>By Dr. Amidon and Dr. Robin</u>

- Allergan's Alphagan product

<u>By Dr. Robin</u>

- R. J. Derick, et al., Brimonidine Tartrate: A One-Month Dose Response Study, <u>Ophthalmology</u>, 104 (1997) 131-36
- D. Small, et al. Influence of pH and Buffer Concentration on the Ocular Bioavailability of Opthalmic AGN 191103 Formulations in Albino Rabbits, <u>Int'l J. of Pharmaceutics</u>, 149 (1997) 195-201
- United States Patent No. 5,021,410

Dated: January 9, 2006                FISH & RICHARDSON P.C.


                                      By:  */s/ William J. Marsden, Jr.*
                                           William J. Marsden, Jr. (marsden@fr.com)
                                           Sean P. Hayes (hayes@fr.com)
                                           919 N. Market Street, Suite 1100
                                           P.O. Box 1114
                                           Wilmington, DE 19899-1114
                                           Telephone: (302) 652-5070

                                           Jonathan E. Singer
                                           Michael J. Kane
                                           Deanna J. Reichel
                                           3300 Dain Rauscher Plaza
                                           60 South Sixth Street
                                           Minneapolis, MN 55402
                                           Telephone: (612) 335-5070

                                           Juanita Brooks
                                           W. Chad Shear
                                           12390 El Camino Real
                                           San Diego, CA 92130
                                           Telephone: (858) 678-5070

                                      Attorneys for Plaintiffs
                                      ALLERGAN, INC. and ALLERGAN SALES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2006, I electronically filed with the Clerk of Court PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ALCON FROM PRESENTING PRIOR ART NOT RELIED ON OR EXPLAINED BY ALCON'S EXPERTS using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

Josy W. Ingersoll
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391

I hereby certify that on January 9, 2006, I have mailed by Federal Express, the document(s) to the following non-registered participants:

Veronica Mullally
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001

      /s/ William J. Marsden, Jr.
William J. Marsden, Jr.  (#2247)

10580642.doc - prior art MIL.doc