IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., and ALLERGAN SALES, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 04-968 (GMS) |
| ALCON INC., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD., | ) ) ) |
| Defendants. | ) |

## ORDER

Presently before the court is the defendants' motion to amend its answer to the plaintiffs' complaint. (D.I. 107.) This motion to amend was filed on July 25, 2005, about a week before the close of fact discovery and nearly eight months after the deadline for amended pleadings. The defendant's proposed amended answer contains approximately fourteen pages of new factual allegations in support of four new affirmative defenses and counterclaims: (1) unenforceability of U.S. Patent No. 6,641,834 ("the '834 patent") for inequitable conduct; (2) unenforceability of U.S. Patent No. 6,673,337 ("the '337 patent") for inequitable conduct; (3) unenforceability of the '834 patent and/or the '337 patent for unclean hands; and (4) invalidity of the '834 patent for the misjoinder of an inventor.

The Federal Rules of Civil Procedure provide that "[a] schedule shall not be modified except upon a showing of good cause . . . ." Fed. R. Civ. P. 16(b). A showing of "good cause" requires the movant to demonstrate that a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16 advisory committee notes (1983 Amend.). Here, the defendants argue that they could not have pleaded these defenses and counterclaims until after the deposition

of the first-named inventor of the patents, and the deposition of the plaintiffs' former in-house counsel because those depositions revealed previously-unknown information. If the defendants are correct, it would seem that their motion should be granted. However, the defendants' opening brief points to no specific deposition testimony to back their argument. In fact, the defendants waited to submit any exhibits (other than the proposed amended answer) until they filed their reply brief – the very definition of sandbagging. And, those exhibits, which are prefaced by seven-page declaration that can only be described as an additional argumentative brief, do not support the defendants' contention that the depositions were a necessary predicate to their amendment. Instead, the exhibits merely demonstrate alleged stonewalling by the plaintiffs – acts which are irrelevant to this motion if the depositions yielded no fruit. From the defendants' submissions, the court is unable to discern exactly what was discovered during the depositions. All the defendants offer are vague representations. (See, e.g., D.I. 123 at 9.) Moreover, the heart of the defendants' amendments, found at paragraphs 70 through 72 of the proposed amended answer, appear to mention nothing material regarding the deposition testimony of either the inventor or the attorney. To the contrary, the defendants cite new drug applications and publicly-available prior art to support their claims that the plaintiffs were not forthright with the patent office. Therefore, the court holds that the defendants have not shown good cause in accordance with Rule 16(b).

IT IS HEREBY ORDERED THAT:

    The defendants' motion to amend (D.I. 107) be DENIED.

Dated: January 17, 2006                        /s/ Gregory M. Sleet
                                                     UNITED STATES DISTRICT JUDGE